Submitted on record and briefs April 9, judgment vacated, remanded for consideration of diversion petition June 23, 1986

## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIAM PERRY WINKLER,
*Appellant.*

(85-161-C; CA A38172)

722 P2d 59

Michael Jewett and Jacobson, Jewett & Thierolf, Ashland, filed the brief for appellant.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Richard D. Wasserman, Assistant Attorney General, Salem, filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

**PER CURIAM**

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII). He argues that the trial court erred in denying him leave to file a diversion petition. We vacate the judgment of conviction and remand for consideration of defendant's diversion petition.

*Former* ORS 484.450(4)(a), (*repealed by* Or Laws 1983, ch 338, § 978), which was in effect at the relevant times, provides that the trial court may not allow a petition for diversion if the defendant has been convicted of DUII within 10 years of the present offense. Defendant pled guilty to DUII in 1983, without the benefit of counsel. He argues, and the state concedes, that the court should not have used that conviction as the basis for a mandatory denial of diversion, because the record does not demonstrate that defendant voluntarily and intelligently waived his right to counsel. *See City of Pendleton v. Standerfer,* 297 Or 725, 688 P2d 68 (1984); *State v. Koellermeier,* 75 Or App 126, 704 P2d 1169 (1985). We agree and vacate defendant's conviction and remand to the trial court for consideration of the diversion petition under the discretionary standards set forth in *former* ORS 484.455 (*repealed by* Or Laws 1983, ch 338, § 978). If the court denies the petition, it shall reinstate the judgment.

Judgment vacated; remanded for consideration of diversion petition.