Submitted on record and briefs June 11, remanded for reconsideration
with instructions August 20, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# RICHARD IRWIN LUTTRELL,
*Appellant.*

(C-818; CA A37945)

723 P2d 1071

Robert A. Lucas, and Lucas & Associates, St. Helens, filed the brief for appellant.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Terry Ann Leggert, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals from a conviction for DUII under *former* ORS 487.540 (now ORS 813.010), contending that the trial court erred in denying his motion to suppress evidence of a blood test and in not granting his petition for diversion under *former* ORS 484.450.

Defendant was involved in a single-car accident at approximately 6:25 p.m. on September 14, 1984. He was taken to Emanuel Hospital in Portland, where a blood sample was withdrawn at 9:07 p.m. An investigating police officer arrived at the hospital at about 10:10 p.m. and requested that defendant submit to a blood test to determine its alcohol content. He refused to consent to the test but admitted that he had been drinking. The officer called the hospital on September 15 at 12:40 a.m. to see if a blood alcohol test had been completed, and he was told that it had. The result showed an alcohol content of .352 percent. The trial court denied defendant's motion to suppress the results of the blood test.

■ Defendant contends that the blood test violated *former* ORS 487.835, which was part of the implied consent law. However, the trial court concluded that the statute did not apply, because the blood test was not requested by the officer. We agree that the statute is inapplicable to the facts of this case.

*Former* ORS 487.835 provided, in part:

"* * * A police officer may obtain a chemical test of the blood to determine the amount of alcohol in any person's blood * * * as provided in the following:

"(1) If, when requested by a police officer, the person expressly consents to such a test.

"(2) Notwithstanding subsection (1) of this section, from a person without the person's consent if:

"(a) The police officer has probable cause to believe that the person was driving while under the influence of intoxicants and that evidence of the offense will be found in the person's blood or urine; and

"(b) The person is unconscious or otherwise in a condition rendering the person incapable of expressly consenting to the test or tests requested."

We conclude that the statute applies only if a police officer

requests the test or that the blood be drawn. Here, there is no evidence to support a finding that the test of the blood was performed at his request.

■ We need not address the question of whether the test goes beyond constitutional limits, because defendant did not raise that issue at trial. The trial court's denial of the motion to suppress is affirmed.

■ Defendant also assigns as error the denial of his petition for diversion. In an affidavit filed with his petition, he asserted that when he was convicted of DUII on three prior occasions he had neither been represented by an attorney nor had he waived his right to an attorney. Defendant testified to the same information under oath at the hearing. No documentary evidence was offered by either party concerning the prior convictions. The trial court held that defendant had failed to prove that he had not waived counsel at the time of the prior convictions and that those convictions made defendant ineligible for diversion under *former* ORS 484.450(4)(a).[1] We conclude, and the state concedes, that it was error for the trial court to require defendant to prove that there was no valid waiver of counsel.

In *State v. Grenvik*, 291 Or 99, 628 P2d 1195 (1981), the Supreme Court held that the state could not introduce a prior conviction when the abstract of record showed that the defendant had not been represented by counsel and when

---

[1] The trial court stated:

"The problem I have in viewing this evidence is that I don't feel that the defense has carried their burden of proof, here, and here is my reason. In my reading of *Standerfer* it not only turns on the question of whether or not he was represented, and that can be one of the indications, but we also have to look at whether he waived counsel, whether he was represented, whether he was unrepresented and didn't waive. From the evidence before me I can't say one way or the other. Even looking at the conviction in 1976, it's clear that he was arrested and the judgment was entered on the same date, but still that while [that] may lead me to suspect, that there may, definitely that there was not representation, probably, it still doesn't get to the point of whether there was a knowing waiver made. So, at the threshold question without even getting to the discretionary question under [ORS 484.]455 I would have to say that the burden of proof has not been carried and so I'll have to deny this petition for diversion."

In *City of Pendleton v. Standerfer*, 297 Or 725, 688 P2d 68 (1984), the Supreme Court held that a defendant may not be denied diversion in a DUII case solely because he has a prior invalid DUII conviction. The court stated that a conviction is invalid if the defendant was without counsel and there had been no valid waiver.

there was no evidence of a valid waiver. Similarly, in *State v. Winkler,* 80 Or App 455, 722 P2d 59 (1986), we held that a prior DUII conviction could not be the basis for a denial of diversion when there was no evidence in the record that the defendant had waived his right to counsel. It follows that, once a defendant shows that he was not represented at the time of a prior conviction, and the state intends to rely on that conviction either to enhance punishment or to deny diversion, it must establish that there was a waiver of counsel. Here, defendant presented evidence that he had been without counsel in the prior case, and it became the state's burden to show a valid waiver.

■　　Accordingly, this case must be returned to the trial court for reconsideration of the petition for diversion. Even though defendant is eligible for diversion, the court still has discretion to decide whether to grant it and may consider the criteria under ORS 813.220.

Remanded for reconsideration of diversion; if allowed, the conviction shall be vacated and further proceedings shall be stayed pursuant to ORS 813.230(2); if denied, judgment of conviction shall be entered.