761 P.2d 1025
**STATE of Arizona, Appellant,**

v.

**Robert John BRITA, Appellee.**

**No. CR–87–0068–PR.**

Supreme Court of Arizona,
En Banc.

Sept. 1, 1988.

Thomas E. Collins, Maricopa County Atty. by H. Allen Gerhardt, Deputy County Atty., Phoenix, for appellant.

Richard R. Brennan, Scottsdale, for appellee.

MOELLER, Justice.

## JURISDICTION

In this case the defendant moved to suppress the results of a blood alcohol test performed on a blood sample taken from him. After an extensive evidentiary hearing, the trial court suppressed the test results because the test was not taken in accordance with the implied consent law, A.R.S. § 28–691, or the exception for medical purposes under A.R.S. § 28–692(M). The state appealed.

In a published opinion, the court of appeals agreed with the trial court that the blood extraction violated the implied consent statute and did not fall within the medical purpose exception. *State v. Brita,* 154 Ariz. 517, 744 P.2d 429 (App.1987).

However, the court of appeals reversed the suppression order on grounds not raised or considered in the trial court, namely, A.R.S. § 13–3925, the "good faith exception" statute. We granted review and have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24. We agree with the court of appeals' opinion except that portion permitting the belated insertion of a new issue on appeal. We affirm the suppression order.

## FACTS

The defendant was involved in an automobile accident in which two people were killed and two others were injured. He was taken to a hospital for medical treatment. There he told a police officer that he had consumed two beers at a friend's house prior to the collision. The officer noted that defendant's eyes were bloodshot and that his breath smelled of alcohol.

Although the officer believed that he had probable cause to arrest defendant for driving while under the influence of intoxicating liquors, he did not arrest him at that time.[1] Instead, the officer asked the defendant to sign an implied consent form for a blood test. Defendant was told that if he did not sign the form he would lose his driver's license for a year. The defendant signed the form and a blood sample was extracted by medical personnel at the direction of the officer. The officer was unaware that a blood sample had been drawn earlier for medical reasons. That sample is not involved in this case. It was apparently disposed of by medical person-

---

1. The trial court specifically found that there had been no arrest of defendant at the time the officer requested and received the blood sample from him. The trial court also found that the officer had probable cause to believe the defendant had been driving while intoxicated prior to requesting the sample.

nel and was never available to the police. After the second sample had been taken, the defendant was arrested and charged with two counts of manslaughter and two counts of aggravated assault.

The defendant moved to suppress the test results. The state, throughout the trial court proceedings, contended that the sample was legally obtained. At no time did the state rely upon or call to the attention of the trial court A.R.S. § 13–3925, the "good faith exception" statute. The trial court, after a two-day evidentiary hearing, suppressed the test results.

## THE COURT OF APPEALS' DECISION

The court of appeals first noted that a suspect's blood sample may be taken with his consent *after* his arrest in accordance with the implied consent statute, A.R.S. § 28–691, which states in pertinent part:

A. Any person who operates a motor vehicle within this state gives consent, subject to the provisions of § 28–692, to a test or tests of his blood, breath, or urine for the purpose of determining the alcoholic content of his blood *if arrested* for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while under the influence of intoxicating liquor. . . .

B. *Following an arrest* a violator shall be requested to submit to any test prescribed by subsection A of this section, and if the violator refuses he shall be informed that his license or permit to drive will be suspended or denied if he refuses to submit to the test.

\* \* \* \* \* \*

D. *If a person under arrest* refuses to submit to a test designated by the law enforcement agency as provided in subsection A of this section, none shall be given except pursuant to § 28–692, subsection M. . . .

(Emphasis added.)

The only exception to the arrest requirement of A.R.S. § 28–691, according to the court of appeals, is § 28–692(M), which provides:

Notwithstanding any provision of law to the contrary if a law enforcement officer has probable cause to believe that a person has violated this section and a blood sample is taken from that person for any reason a portion of that sample shall be provided to a law enforcement officer if requested for law enforcement purposes. A person who fails to comply with this subsection is guilty of a class 1 misdemeanor.

The court of appeals then discussed this court's decision in *State v. Cocio*, 147 Ariz. 277, 709 P.2d 1336 (1985). In *Cocio*, we held that a formal arrest is not a constitutional prerequisite to obtaining a blood sample pursuant to A.R.S. § 28–692(M). We noted that, while Arizona's implied consent law ordinarily governs the administration of blood alcohol tests, A.R.S. § 28–692(M) provides a narrow exception. We stated:

[T]hat a warrantless removal of blood from a person suspected of violating A.R.S. § 28–692 is permissible per A.R.S. § 28–692(M) if (1) probable cause exists to believe the person has violated A.R.S. § 28–692(A) or (B), (2) exigent circumstances are present and, (3) the blood is drawn for medical purposes by medical personnel.

147 Ariz. at 286, 709 P.2d at 1345.

█ Following the evidentiary hearing in the instant case, the superior court held that the test had to be suppressed because it had not been taken post-arrest as required by the implied consent law, and it did not fall within the medical purpose exception of A.R.S. § 28–692(M) as interpreted in *Cocio*. The court of appeals, in a thorough analysis we approve, agreed with the trial court.

## THE COURT OF APPEALS' CONSIDERATION OF A.R.S. § 13–3925

Having concluded that the trial judge had correctly decided the issues presented to him, the court of appeals reversed his ruling on an issue which had not been presented to him. In doing so, the court of appeals said:

Finally, we are mindful of the well settled rule that the ruling of the trial court on a motion to suppress will not be disturbed on appeal absent clear and manifest error. *State v. Smith,* 123 Ariz. 231, 599 P.2d 187 (1979). The rule, however, is not applicable here because the good faith exception to the rule of exclusion was not urged by the state in the trial court and was raised for the first time on appeal.

154 Ariz. at 522, 744 P.2d at 434.

 We disagree with the court of appeals' conclusion that an appellate court is freer to reverse on issues raised for the first time on appeal than it would be on issues presented and litigated in the trial court. It is particularly inappropriate to consider an issue for the first time on appeal where the issue is a fact-intensive one. We are mindful that the defendant failed to object to the state's insertion of this new issue on appeal. However, a litigant's failure to object does not require an appellate court to decide unlitigated issues when to do so violates sound principles of judicial policy.

 Although the court of appeals only referred to and discussed subsection A of A.R.S. § 13–3925, the "good faith exception" statute, the statute, in its entirety, reads:

A. If a party in a criminal proceeding seeks to exclude evidence from the trier of fact because of the conduct of a peace officer in obtaining the evidence, the proponent of the evidence may urge that the peace officer's conduct was taken in a reasonable, good faith belief that the conduct was proper and that the evidence discovered should not be kept from the trier of fact if otherwise admissible.

B. The trial court shall not suppress evidence which is otherwise admissible in a criminal proceeding if the court determines that the evidence was seized by a peace officer as a result of a good faith mistake or technical violation.

C. In this section:

1. "Good faith mistake" means a reasonable judgmental error concerning the existence of facts which if true would be sufficient to constitute probable cause.

2. "Technical violation" means a reasonable good faith reliance upon:

(a) A statute which is subsequently ruled unconstitutional.

(b) A warrant which is later invalidated due to a good faith mistake.

(c) A controlling court precedent which is later overruled, unless the court overruling the precedent orders the new precedent to be applied retroactively.

D. This section shall not be construed to limit the enforcement of any appropriate civil remedy or criminal sanction in actions pursuant to other provisions of law against any individual or government entity found to have conducted an unreasonable search or seizure.

E. This section does not apply to electronic eavesdropping or wiretapping.

It is obvious merely from reading the statute that its applicability in a particular case depends upon the resolution of questions which are peculiarly factual in nature. While the state had ample opportunity to plead and argue the statute in the trial court, it did not elect to do so. Had it done so, the two-day evidentiary hearing on the motion to suppress might well have taken a decidedly different twist. It is highly undesirable to attempt to resolve issues for the first time on appeal, particularly when the record below was made with no thought in mind of the legal issue to be decided.

Under the circumstances of this case, which deals with an obvious legal issue which could and should have been raised at the hearing, we hold that the state, never having presented the issue to the trial court even by way of a motion for reconsideration, has waived it. The court of appeals should not have considered the alleged applicability of A.R.S. § 13–3925 for the first time on appeal. *Hyman v. Arden–Mayfair, Inc.,* 150 Ariz. 444, 724 P.2d 63 (App.1986); *see also State v. Luttrell,* 80 Or.App. 771, 723 P.2d 1071 (1986) (appellate court refused to entertain a defend-

ant's challenge to a blood test on appeal when the defendant had not raised the issue in the trial court).

Since we do not reach the issue of the applicability of the statute, we obviously also do not reach any issues relative to the statute's constitutionality. Also, since the issues were not raised, we do not consider the possible applicability of any non-statutory federal or state good-faith exception to the exclusionary rule. *See, e.g., United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *State v. Mincey,* 130 Ariz. 389, 402 n. 2, 636 P.2d 637, 650 n. 2 (1981).[2]

### CONCLUSION

We vacate the two portions of the court of appeals' opinion designated "The Good Faith Exception to the Suppression of Evidence" and "Conclusion," and approve the rest of the opinion. We affirm the trial court's order of suppression to the effect that the results of the test may not be used in the prosecution of the defendant.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and HOLOHAN, JJ., concur.

---

**2.** We also note that we recently denied review in an unrelated case, *State v. Nahee,* 155 Ariz. 114, 745 P.2d 172 (App.1987). In that case the court of appeals applied A.R.S. § 13-3925 and cited its own earlier opinion in this case. The petition for review in *Nahee* presented no issue relative to the validity of A.R.S. § 13-3925.