842 P.2d 1292

**STATE of Arizona, Appellee,**

v.

**Humberto MONGE aka Humberto Monje, Appellant.**

**No. CR–92–0133–PR.**

Supreme Court of Arizona.

Dec. 3, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, and Susanna C. Pineda, Asst. Attorney's Gen., Phoenix, for appellee.

Salese & McCarthy, P.C. by Armand Salese, Tucson, for appellant.

## OPINION

FELDMAN, Chief Justice.

We granted review to determine whether evidence obtained during a search following an illegal arrest should have been suppressed. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

## FACTS AND PROCEDURAL HISTORY

Humberto Monge was a passenger in a pickup stopped by Tucson police officers for a traffic violation. The officers ordered Monge out of the pickup and, when the driver sped away, one officer handcuffed Monge's hands behind his back and frisked him for weapons. The officer then searched Monge's wallet and found a packet of cocaine. As a result, Monge was charged with unlawful possession of a narcotic drug, a class 4 felony.

Prior to trial, Monge moved to suppress the cocaine, arguing that it was the product of an illegal arrest and search. The trial judge denied the motion, and a jury convicted Monge. Monge appealed the denial of his motion, and a majority of the court of appeals affirmed. *State v. Monge*, No. 2 CA–CR 91–0520 (Ct.App. Feb. 25, 1992) (mem. dec.). We granted Monge's petition for review to resolve the following issues:

1. Whether the defendant voluntarily consented to the search of his wallet.

2. Whether a consensual search immediately following an illegal arrest without any intervening circumstances is tainted by the illegal arrest under *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254 [45 L.Ed.2d 416] (1975), and *State v. Kempton*, 166 Ariz. 392, 803 P.2d 113 (Ct.App. 1990), *cert. denied* [——] U.S. [——], 111 S.Ct. 2815 [115 L.Ed.2d 987] (1991).

## DISCUSSION

■ The court of appeals correctly concluded that after being handcuffed and prior to the search, Monge was under arrest, there was no probable cause for the arrest, and, accordingly, that the arrest was illegal. *See* mem. dec. at 4–5, 12.[1] The court of appeals also affirmed the trial judge's implicit findings that Monge consented to

---

1. The state's brief attempts to revisit these holdings. Although noting that the state failed to seek review of these issues, we also do not disturb the merits of the court of appeals' holdings. One of the arresting officers testified at the suppression hearing that he did not have probable cause to arrest or search Monge prior to searching his wallet. This officer also testified that after Monge was handcuffed but before he was searched, he was not free to leave and the officer would have chased Monge if he had started to run away. In light of this testimony, we agree that the arrest was illegal.

the search and that his consent was voluntary. *See id.* at 5–11. Although Monge vigorously disputes these latter two findings, for the reasons set forth below, we need not determine whether Monge voluntarily consented to the search.

 Even assuming voluntary consent, "the evidence found as a result of that consent must be suppressed if the unconstitutional conduct ... is not sufficiently attenuated from the subsequent seizure." *State v. Kempton,* 166 Ariz. 392, 398, 803 P.2d 113, 119 (Ct.App.1990) (citing cases), *cert. denied,* —— U.S. ——, 111 S.Ct. 2815, 115 L.Ed.2d 987 (1991); *accord State v. Winegar,* 147 Ariz. 440, 444–45 nn. 3 & 4, 711 P.2d 579, 583–84 nn. 3 & 4 (1985). Independent of due process voluntariness concerns, the search and seizure provisions of the Fourth Amendment prohibit the state from obtaining evidence by "consent" when that consent is the product of an illegal arrest. *See, e.g., Dunaway v. New York,* 442 U.S. 200, 217, 219, 99 S.Ct. 2248, 2259, 2260, 60 L.Ed.2d 824 (1979); *Brown v. Illinois,* 422 U.S. 590, 601–02, 95 S.Ct. 2254, 2260–61, 45 L.Ed.2d 416 (1975); *State v. Reffitt,* 145 Ariz. 452, 458–59, 702 P.2d 681, 687–88 (1985).

 Unlike a voluntariness determination, the admissibility of evidence obtained following an illegal arrest is a mixed question of law and fact. *See Winegar,* 147 Ariz. at 444, 711 P.2d at 583. We are deferential to the trial court's factual findings because that court has "an opportunity to see the parties, lawyers and witnesses." *State v. Chapple,* 135 Ariz. 281, 297 n. 18, 660 P.2d 1208, 1224 n. 18 (1983); *accord Winegar,* 147 Ariz. at 445, 711 P.2d at 584. The legal conclusions to be drawn from those facts, however, "are especially susceptible of appellate review." *Winegar,* 147 Ariz. at 445, 711 P.2d at 584. Thus, in determining whether the evidence was impermissibly tainted, we review for legal error. *Id.*

 *Brown v. Illinois* established three factors to apply in determining whether the taint of the illegal conduct is sufficiently attenuated from evidence subsequently obtained by consent:

1. the time elapsing between the illegality and the acquisition of the evidence;

2. the presence of intervening circumstances; and

3. the purpose and flagrancy of the original official misconduct.

*Brown,* 422 U.S. at 603–04, 95 S.Ct. at 2261–62 (citing cases); *see also Taylor v. Alabama,* 457 U.S. 687, 690, 102 S.Ct. 2664, 2667, 73 L.Ed.2d 314 (1982); *Dunaway,* 442 U.S. at 218, 99 S.Ct. at 2259; *Reffitt,* 145 Ariz. at 458, 702 P.2d at 687.[2] Consent is of little significance when there are no intervening circumstances between the illegal arrest and the consent. Thus, the state has the burden of showing that the evidence obtained due to Monge's consent "is the product of a free will" *independent* of the illegal arrest, rather than the "fruit of the poisonous tree." *Brown,* 422 U.S. at 603, 604, 95 S.Ct. at 2261, 2262 (citing *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)); *Nardone v. United States,* 308 U.S. 338, 341, 60 S.Ct. 266, 268, 84 L.Ed. 307 (1939); *see also Dunaway,* 442 U.S. at 218, 99 S.Ct. at 2259; *Reffitt,* 145 Ariz. at 458, 702 P.2d at 687.

 In this case, the first two *Brown* factors clearly favor Monge. The police seized the cocaine minutes, if not seconds, after the illegal arrest and at the scene of the illegal arrest. In addition, there is no suggestion that any intervening circumstances purged the taint of the illegal arrest. As to the third factor, the constitutional violation seems flagrant. The state does not even claim that the police "made an arguable mistake" in arresting Monge. *Reffitt,* 145 Ariz. at 460, 702 P.2d at 689. Indeed, at the time of the arrest, the arresting officer did not believe that he had probable cause to search or arrest Monge but arrested him anyway. An arrest, knowingly made without probable cause, is

---

**2.** Although *Brown* addressed a confession, *Brown,* 422 U.S. at 592–96, 95 S.Ct. at 2256–58, this test also applies to a search following an illegal arrest. *See, e.g., Kempton,* 166 Ariz. at 398, 803 P.2d at 119 (citing *United States v. Taheri,* 648 F.2d 598, 601 (9th Cir.1981)); *United States v. Delgadillo–Velasquez,* 856 F.2d 1292, 1299 (9th Cir.1988).

precisely the type of misconduct that *Brown* seeks to deter. *See, e.g., New York v. Harris,* 495 U.S. 14, 18–19, 110 S.Ct. 1640, 1643, 109 L.Ed.2d 13 (1990); *Taylor,* 457 U.S. at 693, 102 S.Ct. at 2668–69; *Dunaway,* 442 U.S. at 218–19, 99 S.Ct. at 2259–60.

Thus, we hold that, even if consensual, the search and discovery of the cocaine was impermissibly tainted by the preceding illegal arrest and should have been suppressed. *See United States v. Delgadillo-Velasquez,* 856 F.2d 1292, 1300 (9th Cir. 1988) (finding consent ineffective when given minutes after illegal arrest, no intervening circumstances, but no purposeful illegality by marshals); *Kempton,* 166 Ariz. at 398, 803 P.2d at 119 (finding consent ineffective when given "almost immediately" after illegal stop, no intervening circumstances, and clear police misconduct).[3] Therefore, absent harmless error, the conviction cannot stand. *See Winegar,* 147 Ariz. at 450, 711 P.2d at 589. Clearly, in this case, the admission of the cocaine was not harmless error. Accordingly, the conviction must be reversed.

### DISPOSITION

We reverse Monge's conviction and remand this case to the trial court for further proceedings consistent with this opinion. We vacate that portion of the court of appeals' decision applying *Brown v. Illinois* and *State v. Kempton.*

MOELLER, V.C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.

---

3. *See also United States v. Bradley,* 922 F.2d 1290, 1296 (6th Cir.1991) (finding consent ineffective when "no time" intervened, defendant was under influence of drugs, and, even before arrest, officers intended to conduct search); *United States v. McGraw,* 920 F.2d 224, 226, 230 (4th Cir.1990) (finding consent ineffective when given minutes after defendant was illegally arrested, handcuffed, and given *Miranda* warnings and no intervening circumstances); *United States v. George,* 883 F.2d 1407, 1416 (9th Cir. 1989) (finding consent ineffective when given one hour after illegal arrest, no intervening cir-cumstances, and flagrant police misconduct); *United States v. Maez,* 872 F.2d 1444, 1456–57 (10th Cir.1989) (finding consent ineffective when given forty-five minutes after illegal arrest, no intervening circumstances, and arrest caused fright and confusion); *United States v. Miller,* 821 F.2d 546, 550 (11th Cir.1987) (finding consent ineffective when given almost immediately after stop and no intervening circumstances); *United States v. Ceballos,* 812 F.2d 42, 50 (2d Cir.1987) (finding consent ineffective when given minutes after illegal arrest).