IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2010-0106 |
| | ) | DEPARTMENT A |
| Appellee, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| NELSON IVAN BOTEO-FLORES, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20092575002

Honorable Terry L. Chandler, Judge

REVERSED

Thomas C. Horne, Arizona Attorney General
  By Kent E. Cattani, Joseph T. Maziarz, and
  Amy M. Thorson                                                                Tucson
                                                          Attorneys for Appellee

Lori J. Lefferts, Pima County Public Defender
  By Lisa M. Hise                                                              Tucson
                                                          Attorneys for Appellant

H O W A R D, Chief Judge.

¶1     After a jury trial, appellant Nelson Boteo-Flores was convicted of facilitation of theft of a means of transportation and sentenced to the presumptive prison term of 1.75 years. On remand from our supreme court, we must decide whether Boteo-Flores's statements after his de facto arrest were sufficiently an act of free will to purge the primary taint of the illegal arrest. *See State v. Boteo-Flores*, 230 Ariz. 105, ¶¶ 21-22, 280 P.3d 1239, 1243 (2012). Boteo-Flores contends the state waived its attenuation argument by not raising it in the trial court. He further contends that, even if the argument is not waived, the state failed to show his statements were purged from the taint of his illegal arrest. Because we find his statements were admitted improperly, we reverse.

## Factual and Procedural Background

¶2     This appeal stems from the trial court's ruling on Boteo-Flores's motion to suppress. We therefore consider only the evidence presented at the suppression hearing, which we view in the light most favorable to sustaining the court's ruling. *See State v. Gay*, 214 Ariz. 214, ¶ 4, 150 P.3d 787, 790 (App. 2007). After a police officer went to an apartment complex to investigate a report of a stolen truck, he conducted surveillance of the parking lot and saw a driver arrive in a car registered to that address. A few minutes later, the car drove away. The driver was using a cellular telephone and binoculars, and he looked up and down the street before leaving the parking lot. The car returned a short time later with three occupants whom the officer could not identify. Minutes after that, Boteo-Flores walked from the apartment complex to the street and looked up and down

2

the street several times. The original driver of the car then drove out of the complex in the stolen truck the officers had been trying to locate. The driver yelled or said something to Boteo-Flores before he drove away, and Boteo-Flores watched the vehicle leave.

¶3        The officer approached Boteo-Flores, told him he was a police officer and handcuffed him. The officer then administered *Miranda*[1] warnings and questioned him. The officer detained Boteo-Flores for fifteen to twenty minutes while waiting for an auto theft detective to arrive on scene to question Boteo-Flores. Once the detective arrived, he was briefed by the first officer and did not begin his interview of Boteo-Flores for fifteen to twenty minutes after his arrival. The detective asked general questions of Boteo-Flores, read him the *Miranda* warnings, and began questioning him. Boteo-Flores then made incriminating statements.

¶4        Before his jury trial, Boteo-Flores filed a motion to suppress his incriminating statements, which the trial court denied. After trial, Boteo-Flores was convicted of facilitation of theft of a means of transportation and sentenced to the presumptive prison term of 1.75 years. On appeal, he made several arguments, including that the court had erred in denying his motion to suppress statements because they were the result of an illegal detention or arrest. *State v. Boteo-Flores*, No. 2 CA-CR 2010-0160, ¶¶ 5-12 (memorandum decision filed Apr. 12, 2011). We rejected his arguments

---

[1]*Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966).

and affirmed his conviction and sentence. *Id.* ¶¶ 12, 20. Boteo-Flores then petitioned our supreme court for review.

¶5        The supreme court granted review and considered whether a lawful investigative stop had become a de facto arrest before Boteo-Flores made admissions. *State v. Boteo-Flores*, 230 Ariz. 105, ¶¶ 10, 14-21, 280 P.3d 1239, 1241, 1242-43 (2012). The supreme court held "[t]he lack of evidence that officers acted diligently in investigating Boteo-Flores's connection to the stolen pickup truck and the continued use of handcuffs when there was no ongoing safety threat or flight risk transformed the valid *Terry* stop into a de facto arrest before Boteo-Flores was questioned by the auto theft detective." *Id.* ¶ 21. The court vacated our prior decision and remanded the case for this court to determine whether Boteo-Flores's confession after the illegal arrest was "'sufficiently an act of free will to purge the primary taint of the unlawful invasion.'" *Id.* ¶ 22, *quoting State v. Reffitt*, 145 Ariz. 452, 457, 702 P.2d 681, 686 (1985).

## Waiver and Remand

¶6        We first address Boteo-Flores's contention that the state has waived its argument that his statement was purged of the taint from his de facto arrest by not raising it or developing it below. The state argues it was not required to make this argument because the trial court denied Boteo-Flores's motion to suppress statements and, accordingly, it was not required to raise every alternative argument for a ruling in its favor.

¶7 We are required to affirm a trial court's ruling if legally correct for any reason and, in doing so, we may address the state's arguments to uphold the court's ruling even if those arguments otherwise could be deemed waived by the state's failure to argue them below. *See State v. Kinney*, 225 Ariz. 550, n.2, 241 P.3d 914, 918 n.2 (App. 2010) (although appellate courts generally will not address issue not raised below, we may address waived issue when attempting to uphold trial court's ruling). Additionally, waiver is a procedural concept that we "do not rigidly employ in [a] mechanical fashion," *State v. Aleman*, 210 Ariz. 232, ¶ 24, 109 P.3d 571, 579 (App. 2005), and we may use our discretion in determining whether to address issues not raised below, *see Kinney*, 225 Ariz. 550, n.2, 241 P.3d at 918 n.2.

¶8 Here, the trial court's ruling denying Boteo-Flores's motion to suppress his statements favored the state. On appeal, the state's argument is merely an assertion of additional grounds for affirming the trial court's ruling and, because we are required to affirm the court's denial of Boteo-Flores's motion to suppress for any legally correct reason, we find the argument is not waived. *See Kinney*, 225 Ariz. 550, n.2, 241 P.3d at 918 n.2.

¶9 Boteo-Flores, however, relies on *State v. Brita*, 158 Ariz. 121, 124, 761 P.2d 1025, 1028 (1988), which held that it is inappropriate for appellate courts to consider fact-intensive issues raised for the first time on appeal. He argues "[d]issipation of taint . . . is an intensely factual argument that requires a full development of the record at the trial court level." In *Brita*, the state was appealing the trial court's ruling granting

5

the defendant's motion to suppress. *Id.* at 122, 761 P.2d at 1026. The court of appeals reversed based on an issue not presented to the lower court, and our supreme court held this was error because the state had ample opportunity to raise this issue below. *Id.* at 123-24, 761 P.2d at 1027-28. Our supreme court vacated that portion of the court of appeals decision, admonishing appellate courts not to consider "unlitigated issues when to do so violates sound principles of judicial policy." *Id.* at 124-25, 761 P.2d at 1028-29. *Brita* is distinguishable from the present case, however, because here the trial court denied Boteo-Flores's motion to suppress statements and the state is presenting an argument to uphold the court's ruling, not to attack it as the state did in *Brita*. As noted above, we may consider issues presented for the first time on appeal if they are raised to uphold the lower court's ruling. *See Kinney*, 225 Ariz. 550, n.2, 241 P.3d at 918 n.2. Accordingly, we conclude we may consider the state's argument.

¶10    Second, we address whether we should remand this case to the trial court to allow the state to develop the record in support of its argument raised for the first time on appeal. The state argues remand is unnecessary because the record is adequate, but if we determine the record is inadequate, we should remand for the limited purpose of further developing facts related to the illegal arrest and confession. Boteo-Flores argues remand to the trial court is unnecessary in this case because the trial court is not required to review the record under a new legal standard and there are no conflicting facts or inferences. Albeit for different reasons, the parties agree the factual record developed at the suppression hearing is sufficient for our review, but argue about the legal conclusion

to be reached from the facts developed there. In the absence of conflicting facts and inferences, remand is unnecessary. *See State v. Goracke*, 210 Ariz. 20, ¶ 12, 106 P.3d 1035, 1038 (App. 2005). It also would be unfair to the defendant to allow the state, which bears the burden to establish the legality of a confession, another opportunity to do so. *See State v. Amaya-Ruiz*, 166 Ariz. 152, 164, 800 P.2d 1260, 1272 (1990) (state's burden); *State v. Crowley*, 202 Ariz. 80, ¶¶ 32, 34, 38, 41 P.3d 618, 629-30 (App. 2002) (affirming trial court when state did not adequately develop record at suppression hearing). We therefore reach the merits of the case.

### Admission of Statements

**¶11** On the merits, Boteo-Flores argues a direct causal connection exists between the illegal arrest and his admissions, and no evidence shows circumstances that attenuate the connection or purge its taint. Because the state did not present this issue below, and the trial court determined that the detention was legal, the court did not reach this question. But the parties do not dispute any relevant facts. *See State v. Spears*, 184 Ariz. 277, 284, 908 P.2d 1062, 1069 (1996) (we look only to facts presented at suppression hearing). Additionally, the admissibility of a confession following an illegal arrest is a mixed question of law and fact, which we determine as a matter of law. *State v. Monge*, 173 Ariz. 279, 281, 842 P.2d 1292, 1294 (1992). Accordingly, we may determine this issue in the first instance. *See State v. Kinney*, 225 Ariz. 550, ¶¶ 11, 20, 241 P.3d 914, 919, 921 (App. 2010) (deciding attenuation issue as matter of law even though not presented to trial court); *see also State v. Payne*, 223 Ariz. 555, n.8, 225 P.3d

7

1131, 1145 n.8 (App. 2009) ("'If application of a legal principle, even if not raised below, would dispose of an action on appeal and correctly explain the law, it is appropriate for us to consider the issue.'"), *quoting Evenstad v. State*, 178 Ariz. 578, 582, 875 P.2d 811, 815 (App. 1993) (alterations in *Payne* omitted).

**¶12** To determine whether a confession is sufficiently attenuated from an illegal arrest, we apply the test articulated in *State v. Reffitt*, 145 Ariz. 452, 458, 702 P.2d 681, 687 (1985). We consider, on a case-by-case basis, (1) the temporal proximity between the illegal arrest and the confession, (2) the presence of intervening circumstances, and (3) the purpose and flagrancy of official misconduct. *State v. Hummons*, 227 Ariz. 78, ¶ 9, 253 P.3d 275, 277 (App. 2011). "A waiver of *Miranda* rights alone cannot purge the taint of an illegal arrest." *Reffitt*, 145 Ariz. at 458, 702 P.2d at 687.

**¶13** Here, an officer stopped Boteo-Flores in connection with the investigation of a stolen truck, handcuffed him, gave him *Miranda* warnings, asked him some initial questions, and called for an auto theft detective to question him further. An illegal de facto arrest occurred after this initial interaction because police continued to detain Boteo-Flores in handcuffs for thirty to forty minutes without probable cause. *See State v. Boteo-Flores*, 230 Ariz. 105, ¶¶ 14-22, 280 P.3d 1239, 1242-43 (2012). When the auto theft detective arrived, he gave *Miranda* warnings again before Boteo-Flores made incriminating statements.

**¶14** Boteo-Flores does not contest the voluntariness of his statements but argues instead that the arrest cannot be causally separated from the incriminating statements

8

because they were given soon after the arrest, there were no intervening circumstances, and the purpose of the illegal arrest was to interrogate Boteo-Flores further in an attempt to obtain information about the stolen truck. The state concedes the arrest and confession occurred in close temporal proximity and there were no intervening circumstances, but argues the third factor, the purpose and flagrancy of the official misconduct, shows the taint of the illegal arrest had been purged because the officers were motivated solely by officer safety. It contends this concern, coupled with the *Miranda* warnings, can sufficiently attenuate the confession from the illegal arrest. However, as our supreme court held, the record does not support a claim that the officers were concerned for their safety once the first officer to stop Boteo-Flores handcuffed him—but did not feel compelled to conduct a frisk search—and other officers arrived on the scene. *Boteo-Flores*, 230 Ariz. 105, ¶¶ 19-20, 280 P.3d at 1243. And, although the record does not indicate the officers knew they were violating Boteo-Flores's rights, they kept him in custody in order to interrogate him further, thereby exploiting the illegal arrest. Thus, the *Miranda* warnings are the only remaining circumstance to attenuate the taint of the illegal arrest. But our law is clear that *Miranda* warnings alone are insufficient. *See Reffitt*, 145 Ariz. at 458, 702 P.2d at 687. Because the state has not shown the taint of the illegal arrest was purged, the statements made after the de facto arrest were improperly admitted.

9

**Conclusion**

¶15      For the foregoing reasons, the trial court erred in denying Boteo-Flores's motion to suppress. We vacate Boteo-Flores's conviction and sentence and remand this case for further proceedings consistent with this decision.


                                        /s/ *Joseph W. Howard*
                                        JOSEPH W. HOWARD, Chief Judge


CONCURRING:


/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge


/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge *


*A retired judge of the Arizona Court of Appeals authorized and assigned to sit as a judge on the Court of Appeals, Division Two, pursuant to Arizona Supreme Court Order filed August 15, 2012.