NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JOHN ALLEN STAMM, *Appellant.*

No. 1 CA-CR 17-0789
FILED 12-4-2018

---

Appeal from the Superior Court in Yavapai County
No. P1300CR201601527
No. P1300CR201700015
The Honorable Jeffrey G. Paupore, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Elizabeth B. N. Garcia
*Counsel for Appellee*

C. Kenneth Ray II PLLC, Prescott
By C. Kenneth Ray II
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge James P. Beene and Chief Judge Samuel A. Thumma joined.

B R O W N, Judge:

¶1　　　John Allen Stamm appeals his convictions and sentences for assault, disorderly conduct, unlawful discharge of a firearm, and harassment. He argues the trial court erred by consolidating his charges for trial and admitting recordings of his jail calls in violation of federal law. For the following reasons, we affirm.

## BACKGROUND[1]

¶2　　　In October 2016, Stamm and his wife, D.S., got into an argument. As the argument intensified, Stamm chased D.S. around their property. When she locked Stamm out of their home, he forced his way back in, yelling, "[w]e're done. . . I'm going to end it now, and I'm going to show you how." Stamm then walked into his office, where he stored his guns. D.S. fled, hearing two gunshots after she ran out of the house. When police later surrounded the home, Stamm shot himself.

¶3　　　After his release from the hospital, police arrested Stamm. Although a court had ordered Stamm to neither go near the location of the offense nor contact D.S., Stamm called her work many times while in jail. And, even though he was served with an order of protection requiring him to stay away from her workplace, just one day later she saw him slowly driving in the alleyway behind her workplace.

¶4　　　The State charged Stamm with aggravated assault, unlawful discharge of a firearm, and disorderly conduct for the October incident ("2016 indictment"). In a subsequent indictment ("2017 indictment"), the State charged him with stalking, harassment, aggravated harassment, and interfering with a judicial proceeding for his actions following his release from the hospital. Stamm filed a motion in limine to preclude the State from

---

[1]　　　We view the facts in the light most favorable to sustaining the verdict. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

admitting testimony relating to the 2016 indictment in the separate trial for the 2017 indictment. In response, the State argued that evidence relating to the 2016 indictment was both intrinsic to the offenses charged in the 2017 indictment and cross-admissible in both trials under Arizona Rule of Evidence 404(b). After a hearing, the trial court concluded the evidence was intrinsic because it directly proved the charged offense. Soon after, the State moved to consolidate the cases for trial under Arizona Rule of Criminal Procedure ("Rule") 13.3. Granting the motion to consolidate over Stamm's objection, the court reaffirmed its earlier finding that the evidence was intrinsic and alternatively found that the evidence would be cross-admissible under 404(b).

¶5        After consolidation, Stamm filed motions to suppress recordings of his jailhouse calls at trial, arguing the recordings should be excluded because the State obtained them in violation of federal law. The court denied Stamm's motions.

¶6        A jury found Stamm guilty of (1) assault (as a lesser-included offense); (2) disorderly conduct; (3) harassment; and (4) unlawful discharge of a firearm but acquitted him on the remaining charges. The trial court sentenced Stamm to time served for assault and harassment; 1.75 years' imprisonment for a disorderly conduct charge; and three years' probation for unlawful discharge of a firearm. This timely appeal followed.

**DISCUSSION**

A.        **Joinder of Charges**

¶7        Stamm first argues the court erred by consolidating the offenses charged in the two indictments and denying his motions to sever. We review these rulings for an abuse of discretion. *State v. Hausner*, 230 Ariz. 60, 74, ¶ 43 (2003) (citation omitted). We proceed in two steps, first asking "if the joinder and denial of severance were proper under Rules 13.3 and 13.4" and, if not, asking "whether the error requires reversal." *State v. Garland*, 191 Ariz. 213, 216, ¶ 9 (App. 1998) (citations omitted). A court may join offenses if any ground listed in Rule 13.3(a) is satisfied, and need not grant severance unless "necessary to promote a fair determination of . . . guilt or innocence of any offense." Ariz. R. Crim. P. 13.4(a); *Hausner*, 230 Ariz. at 74, ¶ 44. "In considering whether the trial court erred . . . we are mindful that the trial court exercises considerable discretion in determining whether, *in light of the evidence then before the court*, the defendant has made the requisite showing of prejudice." *State v. Van Winkle*, 186 Ariz. 336, 339 (1996) (emphasis added).

¶8            Offenses may be joined if they "are based on the same conduct or are otherwise connected together in their commission."  Ariz. R. Crim. P. 13.3(a)(2).  Offenses are "otherwise connected" when they arise "out of a series of connected acts, and the evidence as to each count, of necessity, overlaps" or "where most of the evidence admissible in proof of one offense [is] also admissible in proof of the other."  *Garland*, 191 Ariz. at 217, ¶ 14 (alteration in original) (citation omitted).  We agree with the State that this ground is satisfied here because much of the evidence relating to the 2016 indictment would necessarily have overlapped with the crimes charged in the 2017 indictment to explain Stamm's motive and intent, as well as D.S.'s state of mind.  In short, these two indictments arise "out of a series of connected acts, provable by much of the same evidence," permitting joinder.  *See State v. Prince*, 204 Ariz. 156, 160, ¶ 17 (citation omitted).

¶9            Although the offenses were eligible for joinder under Rule 13.3(a)(2), we must next determine if the trial court erred in proceeding with consolidation, which turns on whether severance was necessary to promote a fair determination of Stamm's guilt or innocence.  Ariz. R. Crim. P. 13.4(a). A defendant is not prejudiced when introduction of the joined evidence would be permitted "for an evidentiary purpose anyway."  *State v. Stuard*, 176 Ariz. 589, 597 (1993) (quoting Morris K. Udall et al., *Arizona Practice — Law of Evidence* § 84, at 184 n.14 (3d ed. 1991)).  Here, the court's simultaneous finding that the evidence would be admissible under 404(b) plainly demonstrates that, in light of the evidence then before it, Stamm failed to make the requisite showing of prejudice.  *See Van Winkle*, 186 Ariz. at 339.  Stamm has neither challenged the court's 404(b) finding in this appeal nor otherwise provided us with a compelling reason to disturb the court's exercise of discretion.  Accordingly, Stamm has not shown the court erred in joining the charges or in denying his request to sever.[2]

### B.      Admission of Recorded Calls

¶10           While Stamm was in jail, the facilities — according to standard procedure — recorded his outgoing telephone calls.  Stamm argues the recording of these calls violated Title 18 of the United States Code ("U.S.C.") section 2511, which criminalizes, inter alia, the unlawful interception of oral communications.  18 U.S.C. § 2511(1)(b), (4)(a).  He contends the recordings should have been suppressed according to the exclusionary rule codified at

---

[2]        Because we must affirm the trial court's ruling if legally correct for any reason, *State v. Boteo-Flores*, 230 Ariz. 551, 553, ¶ 7 (App. 2012), we do not address Stamm's additional argument that the evidence was not intrinsic under *State v. Ferrero*, 229 Ariz. 239 (2012).

18 U.S.C. § 2515. Applying our de novo review, *Payne*, 233 Ariz. at 505, ¶ 68, we conclude that 18 U.S.C. § 2515 does not apply here because it protects only "oral communication[s] uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation," 18 U.S.C. § 2510(2), and Stamm had no justifiable expectation that his communications would not be intercepted. Before being able to use the jail telephone system, the record shows that inmates "understand and agree the telephone calls are subject to monitoring and recording and may be intercepted or divulged." Additionally, any inmate making a call receives a notification that the call would be subject to "monitoring and/or recording." Thus, 18 U.S.C. § 2515 does not require suppression of Stamm's recorded calls.

## CONCLUSION

¶11 Stamm's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA