909 P.2d 472

**STATE of Arizona, Appellee,**

v.

**Kevin Brent WILLIAMS, Appellant.**

**No. 1 CA–CR 94–0155.**

Court of Appeals of Arizona,
Division 1, Department D.

Sept. 26, 1995.

Review Denied Jan. 17, 1996.*

* Corcoran, J., of the Supreme Court, did not participate in the determination of this matter.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Division, Dawn M. Northup, Assistant Attorney General, Phoenix, for appellee.

Ronald D. Wood, Show Low, for appellant.

## OPINION

GERBER, Presiding Judge.

The state charged Kevin Brent Williams (defendant) with one count of marijuana possession and one count of drug paraphernalia possession, both class 6 felonies. Defendant waived a jury trial and submitted the matter to the trial court on a stipulated record. The trial court found defendant guilty, placed him on three years probation, and deferred designation of the offense until he completed probation.

On appeal, defendant argues that the police lacked sufficient probable cause to search his trailer and that the search warrant did not adequately describe the place to be searched. Defendant maintains that the trial judge improperly considered the evidence found in his trailer.

## FACTUAL AND PROCEDURAL HISTORY

Springerville Police became suspicious of defendant after questioning Gloria Ulibarri (Ulibarri), whom they had arrested for marijuana possession. As a result of Ulibarri's assurances that defendant sold marijuana, police presented a justice of the peace with an affidavit for a warrant to search defendant's travel trailer. The justice of the peace issued the warrant. Once there, police discovered marijuana and drug paraphernalia, and they arrested defendant.

Subsequently, defendant filed a motion to suppress the evidence found in his trailer, contending that the police lacked probable cause for the search. The trial court denied this motion. Defendant then submitted the matter to the trial court on a stipulated record. The trial court found him guilty, sentenced him to three years of probation, and ordered him to serve one year in jail (less 156 days of pre-sentence incarceration credit).

Defendant filed a timely notice of appeal, arguing that the trial court should not have considered the drug-related evidence found in his trailer. He contends for the first time on appeal that the warrant used to search his trailer did not adequately describe the place to be searched. He also maintains that the police did not have probable cause for a search warrant.

The trial court concluded that the affidavit was legally insufficient because there were no facts supporting Ulibarri's statement that defendant was selling marijuana, or indicating that the informant was reliable nor any facts tying the alleged marijuana sales to his trailer.[1] The trial court also found, however,

---

1. The affidavit requesting a search warrant for defendant's home asserted:

   Gloria stated Kevin Williams [Defendant] is selling ounces of Marijuana and does have marijuana at this time. Gloria stated she may be able to get a quarter for thirty five dollars but Kevin said he was selling only ounces because he wanted to get rid of the marijuana fast. Gloria stated she could score a joint at least from Kevin Williams tonight. Gloria stated that Kevin Williams is living in a small

that the officers' testimony showed that their actions were made in objectively reasonable, good faith reliance on the search warrant.[2] The court admitted the evidence pursuant to the good faith exception to the exclusionary rule and denied the motion to suppress.[3]

The court's minute entry states:

4. However, the State has asserted that the conduct of the officers in relying on the warrant was objectively reasonable and taken in good faith, and that the evidence should be admissible under A.R.S. Section 13–3925. The counter argument is that reasonably trained police officers should have known that the affidavit was defective.

Based on the testimony of the police officers, it appears their actions were taken in good faith, and that they did not realize the affidavit was defective. It also appears that there was information available for presentation to the Justice of the Peace which would have been sufficient to establish probable cause, had it been included in the affidavit.

Further, it appears to the Court that the "totality of circumstances" test provides less guidance to the police officers than the two-pronged *Spinelli* test used previously. This Court cannot find that reasonably well-trained police officers should not have relied on the search warrant at issue in conducting the search of the Defendant's trailer.

The Court finds that the evidence was seized by the A.C.C.E.N.T. [Apache County Cooperative Enforcement Narcotic Team] officers as a result of a good faith mistake, and that the evidence seized pursuant to the search warrant at issue is admissible under A.R.S. Section 13–3925(B).

The Defendant's Motion to Suppress Evidence is denied.

Because we disagree in part with this analysis, we reverse.

## A. Reliability of Informant

■ The United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), established a totality of the circumstances test to determine whether an informant's tip establishes probable cause. Arizona has adopted *Gates*. *State v. Buccini*, 167 Ariz. 550, 556, 810 P.2d 178, 184 (1991).

■ The affidavit here does not satisfy this standard. The failures are multiple. It does not establish the informant's reliability. She initially agreed to cooperate with the police to work off her own drug charge. She needed to make what the affiant officer called a "reliability buy" as part of "her deal." Within hours of agreeing, she withdrew her offer to cooperate and made no reliability buy. Her reliability was therefore never established. An unreliable informant who lacks personal knowledge cannot provide probable cause. *See Gates*, 462 U.S. at 237–38, 103 S.Ct. at 2331–32.

## B. Adequacy of Description

■ A search warrant which does not particularly describe either the place to be searched or the items to be seized is not facially valid, and the police cannot rely on it in good faith. *United States v. Leon*, 468 U.S. 897, 923, 104 S.Ct. 3405, 3420, 82 L.Ed.2d 677 (1984); *see State v. Coats*, 165 Ariz. 154, 159, 797 P.2d 693, 698 (App.1990) (a search warrant must particularly describe the place to be searched).

---

travel trailer located behind her sisters [sic] trailer in Eager, Arizona.

2. Officer James Womack testified at the suppression hearing that two other individuals had told him that Defendant had a "large pack of marijuana" which they believed was freshly grown. Officer Womack testified that, at the time he issued the affidavit for the search warrant, he thought that this information related to a past instance which was too remote to include in his affidavit.

3. The good faith exception admits evidence discovered by a police officer who reasonably believes that his conduct pursuant to a facially valid search warrant is proper, even though the search warrant was later declared invalid. Ariz. Rev.Stat.Ann. ("A.R.S.") § 13–3925; *see also State v. Coats*, 165 Ariz. 154, 158, 797 P.2d 693, 697 (App.1990) (officers' good faith reliance on facially valid search warrant must be *objectively* reasonable under the totality of the circumstances).

■ Neither the warrant nor the affidavit identifies this defendant's trailer. Its address is given in the affidavit as "7th Ave and Eager"; on the affiant's sketch it is "7th Ave and Garth." No "Eager" Street is shown; indeed, no other streets are shown which could be "Eager." The affidavit describes the trailer as "small"; the sketch shows it as the largest of the four trailers surrounding Cindy Ulibarri's residence. Cindy Ulibarri is Gloria Ulibarri's sister. The affidavit promises that drugs are in the "residence of Cindy Ulibarri and Kevin Williams" or in the "Cindy Ulibarri and Kevin Williams trailer," a communal residence contradicted by the affiant's sketch showing separate residences for these separate persons. The affidavit and sketch reveal a total of five occupied trailers within the curtilage of Cindy Ulibarri's property.

## C. Good Faith Exception

■ While the trial court found the affidavit legally insufficient, it concluded that the officer's conduct was objectively reasonable and in good faith pursuant to A.R.S. section 13–3925. However, the good faith exception to the exclusionary rule requires police conduct to be *objectively* reasonable. *Leon*, 468 U.S. at 923, 104 S.Ct. at 3420; *Coats*, 165 Ariz. at 158, 797 P.2d at 697. That standard is not met here. From the face of the affidavit we learn that the experienced affiant prepared search warrant affidavits as a select member of the Apache County Cooperative Enforcement Narcotic Team. He put in the affidavit that Gloria Ulibarri had withdrawn from her agreement to cooperate. He also knew she had lied to him about her criminal record. He also knew she had a motive to finger other culprits because she was trying to work off her own crime which she had initially denied. He testified she had never made prior drug buys, had never before been an informant, nor had she ever been in defendant's residence. Nor did she know anyone who bought drugs from this defendant, nor did she ever see defendant use marijuana. The officer also knew she did not make the promised reliability purchase he required of her.

The officer must have known that reliable informant data requires personal observation; he did not indicate any such observation by himself or by his informant. He must have known that an affidavit requires a narrow and accurate description of the place to be searched; he gave inaccurate, even contradictory information regarding this defendant's residence. In the end he sought and received court permission for an unconscionably broad search of a curtilage involving five separate occupied residences.

The good faith exception in A.R.S. section 13–3925 requires that a reasonable judgmental error be viewed objectively rather than subjectively. Far from incorrectly interpreting the quantum of probable cause data, this officer gave no correct information at all about the person or residence to be searched, no facts establishing probable cause nor any indication of the informant's reliability. An officer's reliance on these facts cannot possibly be in good faith under *Coats*. *See United States v. Williamson*, 1 F.3d 1134, 1136 (10th Cir.1993). Courts should not rubber-stamp such careless warrant requests or find good faith when trained officers execute a warrant as grossly deficient as this.

## CONCLUSION

For the foregoing reasons, the trial court's denial of defendant's motion to suppress is reversed and that motion is granted to the extent of suppressing the evidence found in this search of defendant's residence.

VOSS and CONTRERAS, JJ., concur.