IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

———————

**JESUS BUSSO-ESTOPELLAN**
*Petitioner,*

*v.*

**THE HONORABLE ROSA MROZ, JUDGE OF SUPERIOR COURT OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA,**
*Respondent Judge,*

**STATE OF ARIZONA,**
*Real Party in Interest.*

———————

No. CV-15-0102-PR
Filed December 31, 2015

———————

Special Action from the Superior Court in Maricopa County
The Honorable Rosa Mroz, Judge
No. CR2011-133622
**VACATED**

Order of the Court of Appeals, Division One
Filed March 17, 2015

———————

COUNSEL:

Tonya J. Peterson (argued), The Law Office of Tonya J. Peterson, Phoenix; Stacy L. Hyder, The Law Office of Stacy L. Hyder, P.L.C., Phoenix; and Richard L. Lougee, Mexican Capital Legal Assistance Program, Tucson, Attorneys for Jesus Busso-Estopellan

William G. Montgomery, Maricopa County Attorney, Gerald R. Grant (argued), Deputy County Attorney, Attorneys for State of Arizona

David J. Euchner (argued), Tucson, Attorney for Amicus Curiae Arizona Attorneys for Criminal Justice

———————

JUSTICE TIMMER authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICES BRUTINEL and BERCH (RETIRED) joined.

JUSTICE TIMMER, opinion of the Court:

**¶1**        During the penalty phase of a capital trial, "the defendant and the state may present any evidence that is relevant to the determination of whether there is mitigation that is sufficiently substantial to call for leniency," A.R.S. § 13-752(G), including any aspect of the defendant's character, A.R.S. § 13-751(G).  Today we hold that a capital defendant's pretrial offer to plead guilty in exchange for a natural life sentence is admissible to demonstrate the defendant's acceptance of responsibility for the murder, a non-statutory mitigating circumstance.

## I.        BACKGROUND

**¶2**        The State indicted Jesus Busso-Estopellan in 2011 on two counts of first degree murder and filed a notice of intent to seek the death penalty.  Less than a year later, Busso-Estopellan's attorneys sent a letter to the trial court judge stating that "Mr. Busso-Estopellan has indicated that he would accept a plea offer to natural life if it were offered to him."  The State did not extend a plea offer.

**¶3**        In 2014, Busso-Estopellan filed a motion in limine seeking permission to introduce evidence of his willingness to accept a natural life plea offer at the penalty phase of his trial if he is convicted and becomes eligible for the death penalty.  The trial court denied the motion and Busso-Estopellan's subsequent motion for reconsideration.  The court reasoned that Busso-Estopellan's proposition did not relate to any aspect of his character, evidenced only a "desire to avoid the consequences of the death penalty rather than a true acceptance of responsibility for his actions, or remorse," and improperly asked the jury to speculate about why the State had rejected the offer.

**¶4**        Busso-Estopellan sought special action relief from the court of appeals, but that court summarily declined jurisdiction.  We granted Busso-Estopellan's petition for review because it presents a recurring legal question of statewide importance.  We have jurisdiction pursuant to article 6, section 5 of the Arizona Constitution.

## II.        DISCUSSION

**¶5** Busso-Estopellan argues that the trial court usurped the jury's role by ruling that his plea offer could not evidence an acceptance of responsibility. The State responds that a conditional plea offer can never evidence an acceptance of responsibility because the condition renders the offer meaningless. We review evidentiary rulings for an abuse of discretion. *State v. Chappell*, 225 Ariz. 229, 238 ¶ 28, 236 P.3d 1176, 1185 (2010). "An error of law committed in reaching a discretionary conclusion may, however, constitute an abuse of discretion." *State v. Wall*, 212 Ariz. 1, 3 ¶ 12, 126 P.3d 148, 150 (2006).

**¶6** Acceptance of responsibility is a non-statutory mitigating circumstance, *see* A.R.S. §§ 13-751(G), -752(G); *State v. Sansing*, 206 Ariz. 232, 241 ¶ 35, 77 P.3d 30, 39 (2003), and the trial court is constitutionally required in capital cases to admit proffered evidence of this aspect of a defendant's character, *see Lockett v. Ohio*, 438 U.S. 586, 604 (1978) (plurality) ("[T]he Eighth and Fourteenth Amendments require that the sentencer, in all but the rarest kind of capital case, not be precluded from considering, *as a mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death."); *see also Eddings v. Oklahoma*, 455 U.S. 104, 112 (1982). But any evidence offered to show acceptance of responsibility still must be relevant. *See Chappell*, 225 Ariz. at 238 ¶ 29, 236 P.3d at 1185 (quoting *Lockett* and concluding that its holding "does not limit the traditional authority of a court to exclude, as irrelevant, evidence not bearing on the defendant's character, prior record, or the circumstances of his offense"); *see also* A.R.S. § 13-751(C). Although the Arizona Rules of Evidence do not apply in the penalty phase, we are "guided by fundamentally the same considerations as . . . a relevancy determination under Arizona Rule of Evidence 401 or 403." *State v. Guarino*, ___ Ariz. ___, ¶ 6, ___ P.3d ___ (Dec. 3, 2015).

**¶7** We agree with Busso-Estopellan that his pretrial offer to plead guilty is relevant because it tends to make his acceptance of responsibility for the murders more probable. *See* Ariz. R. Evid. 401(a); *see also State v. Oliver*, 158 Ariz. 22, 28, 760 P.2d 1071, 1077 (1988) (noting that the relevance standard "is not particularly high"). Other courts have differed on whether a capital defendant's willingness to plead guilty if sentenced to natural life reflects an acceptance of responsibility. *Compare Johnson v. United States*, 860 F. Supp. 2d 663, 903 (N.D. Iowa 2012) (concluding that such an offer has "some bearing on the defendant's character and, more specifically, on the

defendant's acceptance of responsibility for the charged offense"), *with Owens v. Guida*, 549 F.3d 399, 420 (6th Cir. 2008) (reaching the opposite conclusion). We are persuaded that the condition (the imposition of a life sentence) on Busso-Estopellan's offer to plead guilty affects the weight of the evidence rather than its admissibility. *Cf. Eddings*, 455 U.S. at 114–15 (holding that the sentencer may determine the weight to be given to relevant mitigating evidence, but the trial court cannot give it no weight by excluding its consideration). Each juror must individually assess whether Busso-Estopellan's offer evidences some degree of acceptance of responsibility and, if so, decide the weight to give it. *Cf. State ex rel. Thomas v. Granville (Baldwin)*, 211 Ariz. 468, 473 ¶ 18, 123 P.3d 662, 667 (2005) ("A mitigating factor that motivates one juror to vote for a sentence of life in prison may be evaluated by another juror as not having been proved or, if proved, as not significant to the assessment of the appropriate penalty.").

¶8 This Court's decision in *State v. Dann*, 220 Ariz. 351, 207 P.3d 604 (2009), relied on by the trial court, does not direct a different result. The defendant in *Dann* unsuccessfully argued that the trial court erred by refusing to admit evidence in the penalty phase showing he had offered before that phase to stipulate to a life sentence and waive his right to parole if the jury did not impose a death sentence. *Id.* at 372–73 ¶¶ 122–23, 207 P.3d at 625–26. We held that the defendant could not "presentence" himself, reasoning both that Arizona law granted the trial court discretion to decide the sentence if the jury did not impose the death penalty, and that it was speculative whether the defendant's waiver of a right to parole could affect a future decision of the Arizona Board of Executive Clemency. *Id.* at 373 ¶ 124, 207 P.3d at 626.

¶9 The situation here is different. The defendant in *Dann* never offered to plead guilty, which might have evidenced an acceptance of responsibility, and he did not argue that his offer constituted mitigating evidence. *Id.* at 374–75 ¶ 135, 207 P.3d at 627–28. In contrast, Busso-Estopellan expressed a pretrial willingness to plead guilty to the charges, which is relevant to his acceptance of responsibility. He does not seek to effectively negotiate a sentence with the jury or constrain the trial court's authority if he is convicted and becomes eligible for a death sentence but instead asks to introduce mitigating evidence. Consequently, *Dann* does not apply.

4

**¶10**　　　　We also reject the trial court's apparent concern that evidence of Busso-Estopellan's willingness to plead guilty if given a natural life sentence necessarily would confuse the jury by inviting it to speculate about the State's response. The trial court may avert such confusion, for example, by instructing the jury that the State was not required to extend a plea offer.

**¶11**　　　　In sum, the trial court erred by ruling that Busso-Estopellan's pretrial expression of willingness to plead guilty to the charges is not relevant mitigation evidence merely because the offer was conditioned on a natural life sentence. If Busso-Estopellan is convicted, becomes eligible for the death penalty, and wants to offer this evidence, the trial court must permit the jury to know of his offer. Of course, the court may exercise its discretion to determine how best to admit the evidence. For example, the court may permit introduction of part of the offer letter.

## III.　CONCLUSION

**¶12**　　　　A defendant's pretrial offer to plead guilty in a capital case, even with a sentencing condition, is relevant to whether he accepts responsibility for his actions, a non-statutory mitigating circumstance. Because the trial court ruled otherwise, we vacate its order denying Busso-Estopellan's motion to permit introduction of this evidence in the penalty phase if he is convicted and becomes eligible for the death penalty.