IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**JASON S. BROWN,**
*Petitioner,*

*v.*

**THE HONORABLE CRANE MCCLENNEN, JUDGE OF SUPERIOR COURT OF THE
STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA,**
*Respondent Judge,*

**STATE OF ARIZONA,**
*Real Party in Interest.*

No. CV-15-0042-PR
Filed April 26, 2016

Appeal from the North Mesa Justice Court
No. JC2013-427663
**REVERSED IN PART, REMANDED IN PART**

Special Action from the Superior Court in Maricopa County
The Honorable Crane McClennen, Judge
No. LC2013-427663
**VACATED**

Order of the Court of Appeals, Division One
Filed Dec. 30, 2014

COUNSEL:

Mark F. Willimann (argued), The Law Office of Mark F. Willimann, LLC,
Tucson, Attorneys for Jason S. Brown

William G. Montgomery, Maricopa County Attorney, Amanda M. Parker
(argued), Deputy County Attorney, Phoenix, Attorneys for State of Arizona

Bruce Washburn, Scottsdale City Attorney, Ken Flint, Assistant City
Prosecutor, Scottsdale, Attorneys for Amicus Curiae City of Scottsdale

_____

JUSTICE TIMMER authored the opinion of the Court, in which VICE CHIEF JUSTICE PELANDER and JUSTICES BRUTINEL and BERCH (RETIRED) joined, and CHIEF JUSTICE BALES concurred.

JUSTICE TIMMER, opinion of the Court:

**¶1**        Although the Fourth Amendment generally prohibits warrantless searches, they are permitted if there is free and voluntary consent to search. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *State v. Butler*, 232 Ariz. 84, 87 ¶ 13, 302 P.3d 609, 612 (2013). Consent cannot be given "freely and voluntarily" if the subject of a search merely acquiesces to a claim of lawful authority. *Bumper v. North Carolina*, 391 U.S. 543, 548–49 (1968).

**¶2**        Arizona's implied consent law for watercraft operators provides that "[a]ny person who operates a motorized watercraft that is underway within this state gives consent . . . to a test or tests of the person's blood, breath, urine or other bodily substance" if arrested for operating a motorized watercraft while under the influence of alcohol or drugs ("OUI"). A.R.S. § 5-395.03(A). Nevertheless, the statute requires that an arrestee "unequivocally manifest assent to the testing by words or conduct" before officers can conduct warrantless testing. *Cf. Carrillo v. Houser*, 224 Ariz. 463, 467 ¶ 19, 232 P.3d 1245, 1249 (2010) (interpreting the implied consent law for motorists). The issue here is whether, for Fourth Amendment purposes, an operator arrested for OUI voluntarily consented to giving samples of his blood after a deputy sheriff advised him that "Arizona law requires you to submit" to breath, blood, or other bodily substance tests chosen by law enforcement.

**¶3**        In a concurrently issued opinion, we hold that showing only that consent was given by a drunk-driving arrestee in response to an almost identical admonition fails to prove that an arrestee's consent was freely and voluntarily given. *State v. Valenzuela*, CR-15-0222-PR, slip op. at 2 ¶ 2 (Ariz. Apr. 26, 2016). We adopt the reasoning in *Valenzuela* and reach the same conclusion here.

## I. BACKGROUND

¶4          In reviewing the denial of a defendant's motion to suppress, we consider only "evidence presented at the suppression hearing and view the facts in the light most favorable to sustaining the trial court's ruling." *State v. Hausner*, 230 Ariz. 60, 70 ¶ 23, 280 P.3d 604, 614 (2012).

¶5          In June 2013, Jason Brown was operating a boat on Apache Lake when a uniformed deputy sheriff stopped him for illegally towing a water skier after sundown.  The deputy smelled alcohol and Brown admitted he had been drinking.  After conducting field sobriety tests, the deputy arrested Brown for OUI and transported him to an aid station used by the sheriff's office.

¶6          At that station, the deputy directed Brown to a phlebotomist chair and read to him from an "OUI Admonishment" form, which provided:

> Arizona [l]aw requires you to submit and successfully complete a test of breath, blood or other bodily substance as chosen by the law enforcement officer to determine alcohol concentration or drug content.  A law enforcement officer may require you to submit to one or more test[s].  You are required to successfully complete each of the tests.  Will you submit to the specified tests?

Brown did not ask any questions about the admonition and agreed to submit to a blood draw, which the deputy performed.  Brown also signed a form that stated, "I have verbally and expressly granted permission for breath, blood or other bodily substances to be taken."  After subsequent testing showed that Brown had an alcohol concentration ("AC") of .199, the State charged him with two counts of OUI and one count of extreme OUI. *See* A.R.S. §§ 5-395(A), -397(A).

¶7          Brown moved to suppress the test results.  He argued he did not voluntarily consent to the test, and the warrantless search therefore violated his Fourth Amendment rights.  He also challenged the constitutionality of § 5-395(L), which provides that a person commits a misdemeanor by refusing an officer's request for a sample of blood, urine, or other bodily substance already collected from an OUI suspect.

¶8 The justice court conducted a suppression hearing, at which the deputy and Brown testified. The deputy testified that he neither informed Brown that he had the right to withhold consent nor told him that the deputy would seek a search warrant if Brown refused consent. According to Brown, after the deputy read the admonition, Brown thought he "didn't have a choice" and "had to give blood." He was "never told any other option except [that] the [s]tate [l]aw required [him] to give blood at that point." The record does not reflect whether the deputy told Brown about the administrative consequences for refusing consent. The court denied Brown's motion to suppress, reasoning that his consent was voluntary because the admonition provided a choice whether to submit to testing, and nothing showed that his will was overborne. The court also ruled that § 5-395(L) was constitutional. A jury subsequently found Brown guilty on all charges, and the court imposed sentences.

¶9 The superior court, acting in its appellate capacity, affirmed. The court of appeals declined to accept jurisdiction of Brown's petition for special action review. We granted his petition for review because it presents a recurring legal question of statewide importance. We have jurisdiction pursuant to article 6, section 5, of the Arizona Constitution and A.R.S. § 12-120.24.

## II. DISCUSSION

¶10 We review the denial of a motion to suppress evidence for abuse of discretion, considering the facts in the light most favorable to sustaining the ruling. *State v. Wilson*, 237 Ariz. 296, 298 ¶ 7, 350 P.3d 800, 802 (2015). "An error of law committed in reaching a discretionary conclusion may, however, constitute an abuse of discretion." *Busso-Estopellan v. Mroz*, 238 Ariz. 553, 554 ¶ 5, 364 P.3d 472, 473 (2015) (citation omitted).

### A. Fourth Amendment violation

¶11 Brown argues that, under *Bumper*, his consent to providing a blood sample must be deemed involuntary because he consented only after the deputy said that Arizona law required him to submit to testing, prompting him to acquiesce to an assertion of lawful authority. The State responds that *Bumper* is distinguishable because the admonition here correctly stated Arizona law, and Brown could have chosen to revoke the

consent supplied by the implied consent law. It also argues we should defer to the justice court's ruling that the totality of the circumstances demonstrated that Brown freely and voluntarily gave consent.

¶12 We addressed similar arguments in *Valenzuela*, which concerned a nearly identical admonition given to an arrestee suspected of driving under the influence of alcohol or drugs ("DUI"). *See Valenzuela*, CR-15-0222-PR, slip op. at 4 ¶ 5. For the reasons explained there, we hold that the State failed to prove by a preponderance of the evidence that Brown's consent was voluntary. By telling Brown that Arizona law required him to submit to and complete testing, an admonition that does not mirror the implied consent statute, the deputy invoked lawful authority and effectively proclaimed that Brown had no right to resist the search. *See id.* at 4–12 ¶¶ 10–24. At the time of the admonition, Brown had been arrested, taken to an aid station, and seated in a phlebotomy chair. Nothing in the record suggests that the deputy retracted the assertion of lawful authority to conduct a warrantless search or that other circumstances existed to dispel the coerciveness of the admonition before Brown granted consent. Consequently, Brown's "consent," like the arrestee's consent in *Valenzuela*, was involuntary, and the justice court erred by finding otherwise and then denying the motion to suppress the test results on that basis. *See id.* at 10–11 ¶ 22; *Davis v. United States*, 564 U.S. 229, 131 S. Ct. 2419, 2423 (2011) (stating that the exclusionary rule "bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation").

## B. Application of the exclusionary rule

¶13 The State alternatively argues, as it did in the justice court, that the trial court properly denied the motion to suppress because the inevitable discovery exception to the exclusionary rule applies here. *Cf. State v. Roseberry*, 237 Ariz. 507, 508 ¶ 7, 353 P.3d 847, 848 (2015) ("We will affirm a trial court's decision if it is legally correct for any reason."). Under that exception, a court can admit illegally obtained physical evidence in appropriate circumstances if the state proves by a preponderance of the evidence that the disputed evidence inevitably would have been seized by lawful means. *State v. Ault*, 150 Ariz. 459, 465, 724 P.2d 545, 551 (1986). *But see id.* ("We choose not to allow the inevitable discovery doctrine to reach into homes of citizens in the factual situation before us."). The State contends that the exception applies because if Brown had refused consent,

the deputy would have obtained a search warrant and legally drawn Brown's blood.

**¶14**         The State's view of the inevitable discovery exception would swallow the rule. The exception does not turn on whether the evidence would have been discovered had the deputy acted lawfully in the first place. *See State v. Davolt*, 207 Ariz. 191, 204 ¶ 37, 84 P.3d 456, 469 (2004) ("The State cannot claim inevitable discovery and thereupon be excused from all constitutional requirements. Such a claim amounts to the unacceptable assertion that police would have done it right had they not done it wrong."); *see also United States v. Echegoyen*, 799 F.2d 1271, 1280 n.7 (9th Cir. 1986) (rejecting application of the inevitable discovery exception because "to excuse the failure to obtain a warrant merely because the officers had probable cause and could have inevitably obtained a warrant would completely obviate the warrant requirement of the fourth amendment"). Rather, the exception applies if the evidence would have been lawfully discovered despite the unlawful behavior and independent of it. *See, e.g.*, *Nix v. Williams*, 467 U.S. 431, 449–50 (1984) (applying exception after an unlawful confession led police to victim's body because "volunteer search teams would have resumed the search had [defendant] not earlier led the police to the body and the body inevitably would have been found"); *State v. Jones*, 185 Ariz. 471, 481, 917 P.2d 200, 210 (1996) (holding that despite warrantless search of a car, police inevitably would have found contents during subsequent inventory search); *State v. Lamb*, 116 Ariz. 134, 138, 568 P.2d 1032, 1036 (1977) (concluding that evidence obtained in illegal pat-down search was admissible because defendant would have been arrested on grounds independent of the search and the evidence would have inevitably been discovered during a lawful search incident to arrest).

**¶15**         The sheriff's office would not have inevitably obtained Brown's blood sample by lawful, independent means. It could only have done so by means of a search warrant. But because the inevitable discovery exception cannot excuse the failure to secure a warrant in the first place, the exclusionary rule applies. Consequently, we cannot uphold the trial court's ruling under the inevitable discovery exception to the exclusionary rule.

**¶16**         The State also argues that we should apply the good-faith exception to the exclusionary rule to uphold the trial court's ruling. *See Davis*, 564 U.S. 229, 131 S. Ct. at 2429 ("An officer who conducts a search in

reliance on binding appellate precedent does no more than 'ac[t] as a reasonable officer would and should act' under the circumstances. . . . The deterrent effect of exclusion in such a case can only be to discourage the officer from 'do[ing] his duty.'") (internal quotation marks and citations omitted).  We applied the good-faith exception in *Valenzuela* to hold that suppression of blood and breath test results there was unwarranted. *Valenzuela*, CR-15-0222-PR, slip op. at 15 ¶ 32.  But unlike the situation in *Valenzuela*, the State here waived this argument by failing to raise it until oral argument before this Court.  *See State v. Glassel*, 211 Ariz. 33, 57 ¶ 101 n.17, 116 P.3d 1193, 1217 n.17 (2005) (holding that defendant waived issues by not raising them before trial or appellate courts).

¶17        In sum, the State has not demonstrated that an exception to the exclusionary rule applies here to justify the trial court's denial of Brown's motion to suppress.  We therefore reverse Brown's convictions and sentences for committing OUI under §§ 5-395(A)(2) and -397(A), which required proof of Brown's AC.  Brown's conviction for committing OUI under § 5-395(A)(1) does not depend on the AC evidence.  Because we do not have the trial record before us, we remand to the justice court to determine whether admission of the AC evidence was harmless error as to that conviction.  *See Davolt*, 207 Ariz. at 205 ¶ 39, 84 P.3d at 470 (applying harmless error review to an erroneous denial of a motion to suppress).

## C.  Constitutionality of A.R.S. § 5-395(L)

¶18        Brown argues that § 5-395(L) violates the Fourth Amendment and is unconstitutionally vague and overbroad.  The statute provides that if a law enforcement officer has probable cause to believe that a person committed OUI and a sample of blood, urine, or other bodily substance has been taken from that person for any reason, a sample must be provided to the officer upon request.  "A person who fails to comply with this subsection is guilty of a class 1 misdemeanor."  A.R.S. § 5-395(L). This provision is known as the "medical purposes exception" and mirrors A.R.S. § 28-1388(E), which is applicable to DUIs.  *See Carrillo*, 224 Ariz. at 466 ¶ 17, 232 P.3d at 1248.

¶19        Generally, only a person injured by a statute can challenge its constitutionality.  *State v. Powers*, 117 Ariz. 220, 225, 571 P.2d 1016, 1021 (1977).  The State did not charge Brown under § 5-395(L), and the deputy did not invoke this statute to induce Brown's consent or obtain the blood

sample. Nor does Brown argue that § 5-395(L), or any other law, makes it a crime for an operator to refuse consent under the implied consent law.[1] Because § 5-395(L) is inapplicable and Brown lacks standing to challenge it, we do not address his arguments.

## III. CONCLUSION

**¶20**        We reverse Brown's convictions and resulting sentences for committing OUI under §§ 5-395(A)(2) and -397(A). We remand to the justice court to determine if admission of AC evidence was harmless error concerning Brown's conviction for OUI under § 5-395(A)(1). Finally, we vacate the superior court's judgment.

---

[1] The Supreme Court is currently considering whether, in the absence of a warrant, a state may criminalize a person's refusal to submit to a test to detect a person's AC. *See Bernard v. Minnesota*, 136 S. Ct. 615 (2015); *Birchfield v. North Dakota*, 136 S. Ct. 614 (2015).

Bales, C.J., concurring.

**¶21** For the reasons noted in my separate opinion in *State v. Valenzuela*, CR-15-0222-PR, ¶¶ 38-51 (Ariz. Apr. 26, 2016), I agree that Brown did not voluntarily consent to the search; I otherwise concur in the majority's opinion here.