OPINION
ECKERSTROM, Chief Judge:
¶ 1 Thomas Dean appeals from his conviction and sentence for sexual exploitation of a minor. On appeal, he challenges the trial court’s ruling that, although the pertinent warrant was defective, the officer relied on it in good faith. For the following reasons, we conclude that the warrant in question was facially invalid and in clear violation of the constitutional requirement of particularity. We therefore reverse the court’s ruling and Dean’s conviction and sentence.
Factual and Procedural Background
¶ 2 “In reviewing the denial of a defendant’s motion to suppress, we consider only ‘evidence presented at the suppression hearing and view the facts in the light most favorable to sustaining the trial court’s ruling.’” Brown v. McClennen, 239 Ariz. 521, ¶ 4, 373 P.3d 538, 540 (2016), quoting State v. Hausner, 230 Ariz. 60, ¶ 23, 280 P.3d 604, 614 (2012). In July 2012, a detective with the Cochise County Sheriffs Office received a report that Dean had sexually assaulted eight-year-old C.D. eighteen months earlier. The detective sought a search warrant for Dean’s trailer and car. In the affidavit, as the sole basis for probable cause, the detective described an incident occurring in December 2010, in which Dean had “put his thing up [C.D.’s] thing.”[2] At the time he sought the *389 warrant, the detective knew, but did not advise the magistrate, that Dean had previously been convicted of child molestation sixteen years earlier in another state. In that prior incident, Dean had photographed the victim.[3]
¶3 During the search of Dean’s trailer, officers seized a laptop computer and submitted it for examination. The computer contained images of child pornography that resulted in a ten-count indictment, which was reduced to a single count at the state’s request.[4] After a bench trial, Dean was convicted of one count of sexual exploitation of a minor under fifteen years of age and sentenced to an enhanced, minimum prison term of twenty-one years. This appeal followed.
Motion to Suppress
¶ 4 On appeal, Dean argues the trial court erred in denying his motion to suppress the evidence secured from execution of the search warrant. "We review the court’s decision ‘for abuse of discretion if it involves a discretionary issue, but review constitutional issues and purely legal issues de novo.’ ” State v. Gay, 214 Ariz. 214, ¶ 4, 150 P.3d 787, 790 (App. 2007), quoting State v. Booker, 212 Ariz. 502, ¶ 10, 135 P.3d 57, 59 (App. 2006).
¶ 5 The tidal court found the warrant deficient because the affidavit, which referred only to an allegation of molestation occurring at another location eighteen months earlier, “did not establish probable cause that [Dean] possessed child pornography on his computer in July 2012.” The state does not dispute this finding. The court nonetheless concluded that the warrant was sufficiently particular to be relied upon under the good-faith exception articulated in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and denied Dean’s motion to suppress.[5]
¶ 6 In Leon, the Supreme Court concluded that, in general, evidence seized by law enforcement officers acting in good faith, but in reliance on a faulty warrant, should not be suppressed. Id. at 922, 104 S.Ct. 3405. The court then established four exceptions to that general rule:
(1) when a magistrate is misled by information that the affiant knew was false or would have known was false but for his or her reckless disregard for the truth; (2) when the issuing magistrate “wholly abandon[s]” his or her judicial role; (3) when a warrant is based on an affidavit “so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable”; and (4) when a warrant is “so facially deficient ... that the executing officers cannot reasonably presume it to be valid.”
State v. Hyde, 186 Ariz. 252, 273, 921 P.2d 655, 676 (1996), quoting Leon, 468 U.S. at 923, 104 S.Ct. 3405 (alterations in Hyde).
¶7 On appeal, Dean claims the fourth Leon exception applies here because the “warrant lacks particularity in describing the places to be searched and the items to be seized.” We agree. In United States v. Spilotro, the Ninth Circuit articulated a three-factor test to determine whether a description of items to be seized is sufficiently particular to support an officer’s good-faith belief in the validity of the warrant:
(1) whether probable cause exists to seize all items of a particular type described in the warrant, (2) whether the warrant sets out objective standards by which executing officers can differentiate items subject to seizure from those which are not, and (3) whether the government was able to describe the items more particularly in light of the information available to it at the time the warrant was issued.
*390 800 F.2d 959, 963 (9th Cir. 1986) (citations omitted).
¶ 8 As to the first Spilotro factor, whether there was probable cause to seize a certain type of item described in the warrant, 800 F.2d at 963, the trial court found there was not. As noted above, the state has not challenged this finding on appeal. We nonetheless consider this factor in accordance with our obligation to uphold the trial court if it is correct for any reason. State v. Valenzuela, 239 Ariz. 299, ¶ 35, 371 P.3d 627, 638 (2016).
¶ 9 In the affidavit seeking a search warrant, the detective stated that in 2010 Dean had anally sodomized a six- or seven-year-old boy. The alleged incident took place at the home of Dean’s parents, in the attic. Although the allegations certainly provided probable cause to believe Dean had committed child molestation or sexual conduct with a minor, nothing about these facts provided probable cause to believe Dean possessed child pornography eighteen months later, much less at any particular location. See United States v. Hodson, 543 F.3d 286, 292 (6th Cir. 2008) (“[I]t is beyond dispute that the warrant was defective for lack of probable cause—[the detective] established probable cause for one crime (child molestation) but designed and requested a search for evidence of an entirely different crime (child pornography).”); Carissa Byrne Hessick, Disentangling Child Pornography from Child Sex Abuse, 88 Wash. U.L. Rev. 853, 875 (2011) (“[E]mpirical literature is unable to validate the assumption that there is a causal connection between possession of child pornography and child sex abuse.”).
¶ 10 The dissent suggests that we may consider information not presented to the magistrate, but known to the officer, in evaluating whether there was probable cause to search under the first Spilotro factor. Courts are currently split on the issue of whether a reviewing court may look beyond the four comers of the affidavit seeking a search warrant in determining whether an officer relied on a warrant in good faith. Compare United States v. Martin, 297 F.3d 1308, 1318 (11th Cir. 2002) (reviewing court may look beyond affidavit to any information known by the officer), with United States v. Frazier, 423 F.3d 526, 535-36 (6th Cir. 2005) (reviewing court may consider information not contained in affidavit if it was presented to the magistrate), and United States v. Luong, 470 F.3d 898, 904-05 (9th Cir. 2006) (reviewing court may not consider information beyond four comers of affidavit).
¶ 11 But, even assuming arguendo we could consider information known to the officer, but not included in the affidavit or presented to the magistrate, the officer still lacked probable cause to believe Dean possessed child pornography. Here, the detective knew, but did not advise the magistrate, that Dean was on parole for sexual assault of a minor for an incident which had occurred sixteen years earlier. In that incident, Dean had taken photographs of the victim. However, the facts underlying the prior incident provided no greater evidence that Dean possessed child pornography on his computer than the facts of the instant case. And the victim in this case, C.D., although forensically interviewed, never asserted that he was either photographed or shown pornography by Dean. Accordingly, even if we consider the facts known by the detective that were not included in the affidavit, the warrant is still lacking in probable cause to believe Dean possessed child pornography at all, much less at his home, a location where none of the alleged criminal acts occurred.
¶ 12 The second factor, whether the warrant provided sufficient guidance to officers conducting the search, focuses on whether the warrant “specified the crime to be investigated, the specific places to be searched, and the types of evidence to be seized.” Dawson v. City of Seattle, 435 F.3d 1054, 1064 (9th Cir. 2006). Specificity in a warrant “prevents officers from engaging in general, exploratory searches by limiting their discretion and providing specific guidance as to what can and cannot be searched and seized.” United States v. Adjani, 452 F.3d 1140, 1147 (9th Cir. 2006); see State v. Adams, 197 Ariz. 569, ¶ 25, 5 P.3d 903, 908 (App. 2000).
¶ 13 The warrant at issue here described four categories of items to be seized, two of which are relevant to this discussion:
*391 A. Any and all electronic devices and associated materials capable of producing, manipulating, sending, receiving, and/or storing electronic files, media and/or digital images which may be stored in (i.e. computers, cameras, cell phones, thumb drives, etc.).
B. Any and all items which visually depict minors engaged in exploitive exhibition or any and all other sexual conduct such as, but not limited to, posing nude.
¶ 14 Category A allowed officers to search all of Dean’s computer records without any limitations on what files could be seized or how those files “related to specific criminal activity.” United States v. Kow, 58 F.3d 423, 425-26, 427 (9th Cir. 1995); see United States v. Riccardi, 405 F.3d 852, 862 (10th Cir. 2005) (“[W]arrants for computer searches must affirmatively limit the search to evidence of specific ... crimes or specific types of material.”). The trial court correctly concluded that this was impermissibly broad. On appeal, the state has not challenged this conclusion.
¶ 15 The primary dispute on appeal is whether category B, “[a]ny and all items which visually depict minors engaged in ex-ploitive exhibition,” was sufficiently particular to authorize a search of a computer.[6] Dean argues this category instead “refer[s] to items such as printed photographs, books, magazines, or other illicit printed material depicting minors.” In making this claim, Dean distinguishes between printed material, which officers can immediately determine to be illicit or not, and computer files, which cannot so readily be distinguished.
¶ 16 Because of the privacy interests at stake in computers, and the large amount of personal information available therein, we likewise conclude that a warrant that does not specify that officers intend to search a computer is not sufficiently particular to authorize such a search. See United States v. Galpin, 720 F.3d 436, 446 (2d Cir. 2013) (“Where ... the property to be searched is a computer hard drive, the particularity requirement assumes even greater importance.”); United States v. Christie, 717 F.3d 1156, 1164 (10th Cir. 2013) (“[T]he particularity requirement and its underlying purposes are fully engaged when investigators seek to search a personal computer.”). Here, category B of the warrant does not specify that a computer is one of the “items” to be searched for visual depictions of “minors engaged in exploitive exhibition.”
¶ 17 In United States v. Giberson, 527 F.3d 882, 884 (9th Cir. 2008), an official conducted a search of a defendant’s residence pursuant to a warrant that authorized him to search for certain documents. The defendant claimed that, because the warrant did not authorize a search of his computer, it lacked sufficient particularity. Id. at 886. The court noted the officers had probable cause to believe the computer would contain the documents sought and they “merely secured the computer while they waited to get a second warrant that would specifically authorize searching the computer’s files.” Id. at 889. However, in United States v. Payton, the court clarified that in the absence of the circumstances highlighted in Giberson, a warrant must explicitly authorize a search of a computer. Payton, 573 F.3d 859, 864 (9th Cir. 2009).
¶ 18 None of the circumstances present in Giberson are present here. Based on the evidence within the scope of our review, the officers did not merely seize the computer while they obtained a warrant to search it, and the officer requesting the warrant did *392 not have probable cause to believe Dean had child pornography. See 527 F.3d at 889. Accordingly, the second Spilotro factor also weighs against the state.
¶ 19 Finally, we must assess whether it was possible for the state to describe the items sought with greater particularity, the last Spilotro factor. As to category A, the state could have specified that it wanted to search Dean’s computers and electronic devices for child pornography. As to category B, the state could have specified that “computers” were included as part of the “items” to be searched. See United States v. Mann, 389 F.3d 869, 878 (9th Cir. 2004) (warrant was sufficiently particular, in part, because “officers had no additional information available that would have allowed them to describe the items more particularly at the time the warrant was issued”). Here, the warrant lacked particularity because category A adequately articulated the items to be searched, including computers, but placed no limitation on the specific evidence sought. By contrast, category B described the evidence sought but lacked specificity on the items to be searched.[7]
¶ 20 Because all three Spilotro factors weigh against the state, we conclude the warrant here was not sufficiently particular. The remaining question, then, is whether the warrant was so lacking in particularity that it was not objectively reasonable for an officer to rely on it. Spilotro, 800 F.2d at 968. This court has previously held that a “search warrant which does not particularly describe either the place to be searched or the items to be seized is not facially valid, and the police cannot rely on it in good faith.” State v. Williams, 184 Ariz. 405, 407, 909 P.2d 472, 474 (App. 1995). “As an irreducible minimum, a proper warrant must allow the executing officers to distinguish between items that may and may not be seized.” United States v. Leary, 846 F.2d 592, 602 (10th Cir. 1988). Moreover, case law has cautioned officers that warrants authorizing computer searches must be afforded careful scrutiny regarding particularity. See Galpin, 720 F.3d at 446; Christie, 717 F.3d at 1164; see also United States v. George, 975 F.2d 72, 77-78 (2d Cir. 1992) (precedent may be used in determining whether warrant could be relied upon in good faith); cf. Riley v. California, — U.S. —, 134 S.Ct. 2473, 2488-89, 189 L.Ed.2d 430 (2014) (noting privacy interests in cell phones); State v. Peoples, 240 Ariz. 245, ¶ 15, 378 P.3d 421, 426 (2016) (“Cell phones are intrinsically private....”). Accordingly, we conclude it was not “objectively reasonable” for officers to rely on the warrant and the good-faith exception does not apply. See Williams, 184 Ariz. at 407 n.3, 909 P.2d at 474 n.3.
¶ 21 In the trial court, the state argued as an alternative ground for upholding the search that Dean was on parole at the time and “may have given consent to searches by law enforcement of his residence as a condition of his parole.” The state now argues that we should remand this case for a determination of whether the search was permissible on that ground. While the state briefly noted this argument in its response to Dean’s motion to suppress, it also stated: “If the State can develop this theory the evidence will be presented at the evidentiary hearing.” But at the evidentiary hearing, the state did not present any evidence regarding the terms of Dean’s parole in Missouri. The state therefore did not present the trial court with the evidence necessary to make a finding on this issue and did not meet its burden of demonstrating the lawfulness of the search on this ground. See Ariz. R. Crim. P. 16.2(b); Hyde, 186 Ariz. at 266, 268, 921 P.2d at 669, 671 (in challenging search warrant, defendant bears burden of production but state bears burden of persuasion); State v. Boteo-Flores, 230 *393 Ariz. 551, ¶ 10, 288 P.3d 111, 114 (App. 2012); cf. United States v. Dickler, 64 F.3d 818, 832 (3d Cir. 1995) (“[Wjhere the government has the burden of production and persuasion ... its case should ordinarily have to stand or fall on the record it makes the first time around.”).
The Dissent
¶ 22 The dissent suggests the primary issue before us is whether the officer’s investigation developed sufficient probable cause to support the issuance of the warrant, rather than whether the warrant was sufficiently particular. The dissent posits that if such cause existed, regardless of what information was presented to the magistrate, then the officer acted in good faith when executing the defective warrant. As noted above, we face unsettled law on the question of what portions of the officer’s knowledge we may consider in evaluating an officer’s good faith. And, without resolving that question, we have conducted our analysis on the probable cause factor with the assumption that all such facts may be considered.[8] We simply disagree with the premise that all allegations of sexual conduct with a minor, regardless of then* specific nature, and regardless of whether an officer has articulated any case-specific nexus between the two crimes, necessarily provide probable cause for the search of a defendant’s computer for child pornography.
¶ 23 But there are other factual constraints we are duty-bound to enforce in evaluating any motion to suppress on appeal. In his dissent, our colleague acknowledges that we may consider only information that was presented at the hearing on the motion to suppress. See Brown, 239 Ariz. 521, ¶ 4, 373 P.3d at 540. He nevertheless considers the entire trial court record. Importantly, any factual material not presented at the suppression hearing would not have been developed by its proponent, subjected to cross-examination, or considered by the trial court as a basis for its ruling. At any rate, this limitation is a rule of appellate review set forth by our supreme court, which we are not at liberty to disregard. See id; State v. Smyers, 207 Ariz. 314, n.4, 86 P.3d 370, 374 n.4 (2004).
¶ 24 Specifically, the dissent incorrectly asserts that we may consider the legal impact of a second search warrant that the state did not introduce at the suppression hearing. But not only did the state fail to present the second warrant at the hearing, the detective testified that the first warrant—the one Dean has challenged and we have addressed—was the only warrant pertinent to the case. Indeed, the trial court specifically inquired if there was an “amended, corrected, or modified warrant of any kind,” and the detective replied, “No, your Honor.”
¶ 25 The dissent nonetheless burdens the defendant with the responsibility to raise and address any impact of the second warrant on the application of the good-faith exception. But Dean presented a prima facie case for suppression on the grounds that the warrant under which his computer was seized was invalid. See Ariz. R. Crim. P. 16.2(b). The ultimate bui’den of persuasion then fell to the state. See id. If the state sought to argue that any defect with the first warrant was ultimately remedied by the second warrant, it bore the duty to present that argument, and any factual information in support of it, to the trial court. To the contrary, the state has never argued, either below or on appeal, that the second warrant cures any defect in the first, and has waived this issue. See State v. Brita, 158 Ariz. 121, 124, 761 P.2d 1025, 1028 (1988) (“[Tjhe state, never having presented the issue to the trial court ... has waived it.”). And, although we can affirm a trial court’s ruling for any reason supported by the record, see State v. Moreno, 236 Ariz. 347, ¶ 5, 340 P.3d 426, 429 (App. 2014), we may not do so with reference to facts not properly in the record before us.[9]
*394 ¶ 26 The dissent also asserts that the good-faith exception applies in the absence of “systemic or deliberate police misconduct,” infra ¶34, and correctly observes that our record contains no evidence of any deliberate malfeasance by the officer here. But, in Leon, the Court specifically tailored the standard for applying the good-faith exception to the context of a defective warrant. The Court concluded that the standard is one of “objective good faith.” Leon, 468 U.S. at 923, 104 S.Ct. 3405. As we have observed in this context, “[subjective good faith on the part of the officers is insufficient.” State v. Coats, 165 Ariz. 154, 158, 797 P.2d 693, 697 (App. 1990); accord State v. Williams, 184 Ariz. 405, 408, 909 P.2d 472, 475 (App. 1995). Thus, the good-faith exception does not apply if the officer knew or “should have known” his actions were unconstitutional. Hyde, 186 Ariz. at 275, 921 P.2d at 678.
¶ 27 As discussed above, Leon articulated four circumstances under which officers could make no claim that they had exercised “objective good faith.” 468 U.S. at 923, 104 S.Ct. 3405. And, in Spilotro, the court articulated three objective factors by which to evaluate whether, under Leon, a warrant is “so facially deficient ... that the executing officers cannot reasonably presume it to be valid.” 800 F.2d at 968, quoting Leon, 468 U.S. at 923, 104 S.Ct. 3405. We submit that this is the correct analytical framework to evaluate the officer’s actions here.
¶28 In that context, neither the officer’s apparent inexperience nor lack of deliberate misconduct relieved him of the duty to exercise objective good faith in executing the warrant. “[TJhe [exclusionary] rule’s primary purpose has been to deter law enforcement from carrying out unconstitutional searches and seizures.” United States v. Underwood, 725 F.3d 1076, 1084 (9th Cir. 2013). It does not serve this purpose to allow the state to inadequately train its officers and then rely on that inadequate training in defending inadequate warrants. See State v. Stoll, 239 Ariz. 292, ¶ 20, 370 P.3d 1130, 1135 (App. 2016) (officer’s reliance on inadequate training did not make conduct objectively reasonable).
¶ 29 The dissent relies on United States v. Otero, 563 F.3d 1127 (10th Cir. 2009), and United States v. Riccardi, 405 F,3d 852 (10th Cir. 2005), cases addressing “particularity” defects in a warrant, for its conclusion that the good-faith exception should apply here. A number of features distinguish this case from Otero and Riccardi.
¶ 30 In both of those cases, the officer seeking the warrant consulted with an attorney to ensure the warrant was sufficient, a factor which the court referred to as “one of the more important facts.” Otero, 563 F.3d at 1135. Here, the detective was unsure whether he had sought assistance from a more experienced officer, and certainly did not consult an attorney. In Otero, the warrant consisted of two sections: a category of “items to be seized,” which detailed items related to credit card fraud, and a category of “computer items to be seized,” which authorized the seizure of all computers and devices capable of electronic media storage. Id. at 1129-30. The officers who executed the warrant testified that they understood the first part of the warrant to be limited by the second. Id. at 1134. Here, as we have explained above, the warrant, read as a whole, actually appears to expand, rather than to limit, the category authorizing search of Dean’s computer. Supra n.7. And, unlike in Otero, the detective who drafted the warrant and executed the search did not provide any testimony regarding his understanding of the limitations of the warrant.
¶31 Finally, the dissent claims that our application of the Spilotro factors amounts to a holding that any warrant lacking in particularity cannot be relied on in good faith. That characterization is inaccurate. We conclude only that (1) a warrant that allows an officer to search all of a defendant’s electronic materials without specifying what the officer is looking for may not be relied on in good faith, and (2) a warrant that *395 seeks to search a computer must specifically state that a computer is among the items to be seized, and if it does not, it may not be relied on in good faith. These two principles are well established by our case law and should be known by any trained officer.
Disposition
¶ 32 For the foregoing reasons, we reverse the decision of the trial court as well as Dean’s conviction and sentence for sexual exploitation of a minor.

. The affidavit also alleged that the molestation occurred in a residence owned by Dean’s parents, and not the trailer the detective sought to search.

. This is the extent of the information presented at the suppression hearing. All other facts presented by the dissent were not introduced at the hearing on the motion to suppress and are therefore outside the scope of our review. McClennen, 239 Ariz. 521, ¶ 4, 373 P.3d at 540.

. Although the molestation of C.D. was the basis for the search warrant, Dean was not charged with that offense in this case.

. Because we consider only the evidence admitted at the suppression hearing, Brown, 239 Ariz. 521, ¶ 4, 373 P.3d at 540, we do not consider whether a second search warrant, introduced into evidence at the trial, authorized the seizure.

. The state claims Dean has forfeited his argument because in his motion to suppress below, he did not make the specific claim that category B, the only category of the warrant found to be valid by the trial court, was not sufficiently particular to authorize a search of a computer. But Dean raised the issue of particularity to the trial court. The state responded to the claim that the warrant did not authorize seizure of the computer. The trial court ruled on this issue of particularity. In short, Dean squarely presented the claim we now address to the trial court and the trial court reached its merits. Once a claim is properly raised below, appellate briefing and argument need not be a precise facsimile of the briefing and argument occurring at the trial court level. No purpose would be served by finding the issue forfeited. See State v. Granados, 235 Ariz. 321, ¶ 19, 332 P.3d 68, 73-74 (App. 2014); State v. Vannoy, 177 Ariz. 206, 210, 866 P.2d 874, 878 (App. 1993).

. The state has not asserted, either at trial or on appeal, that we may read category B as informing or limiting category A. See State v. Crowley, 202 Ariz. 80, ¶ 32, 41 P.3d 618, 629 (App. 2002) (state has burden "to prove that the good faith exception to the exclusionary rule applies”). Moreover, the warrant included two additional, distinct categories of items sought—namely, records of criminal activity and items used for luring children, which discredits any theory that category B is intended to inform or limit category A. And, if category B is simply intended to inform category A, the warrant then would not authorize seizure of any print materials such as photographs or magazines containing child pornography. This rebuts any suggestion that the categories should be read in conjunction with one another.

. The dissent suggests we should resolve the issue. Because the issue is one of first impression in Arizona, because neither party has raised or briefed it, and because resolving it is not necessary to decide the case before us, we decline to do so.

. The dissent likewise departs from our standard of appellate review when he looks outside the suppression hearing record to support the supposed common-sense connection between child molestation and child pornography, attempting to illustrate his point with the thousands of images found on Dean’s computer. Such a tempta *394 tion is precisely why search warrants are based on an "objective predetermination of probable cause” instead of the "far less reliable procedure o[f] an after-the-event justification for the ... search, too likely to be subtly influenced by the familiar shortcomings of hindsight judgment.” Beck v. Ohio, 379 U.S. 89, 96, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).