393 P.3d 137

STATE of Arizona, Appellee,

v.

Adam REIHER, Appellant.

No. 1 CA–CR 15–0650

Court of Appeals of Arizona,
Division 1.

FILED 3/7/2017

Phoenix City Prosecutor's Office, Phoenix, By Gary L. Shupe, Counsel for Appellee

Cameron A. Morgan, Scottsdale, Counsel for Appellant

Presiding Judge Samuel A. Thumma delivered the opinion of the Court, in which Chief Judge Michael J. Brown and Judge Patricia A. Orozco joined.[1]

## OPINION

THUMMA, Judge:

¶1 Adam Mark Reiher was convicted of various driving while under the influence (DUI) offenses in Phoenix Municipal Court. Reiher unsuccessfully appealed those convictions in the Superior Court. Now, he argues this court should apply *State v. Valenzuela*, 239 Ariz. 299, 371 P.3d 627 (2016), and *Brown v. McClennen*, 239 Ariz. 521, 373 P.3d 538 (2016), retroactively and vacate his convictions. Because this court lacks appellate jurisdiction over Reiher's challenge, the appeal is dismissed.

### FACTS AND PROCEDURAL HISTORY

¶2 In November 2013, police arrested Reiher and charged him with DUI pursuant to Arizona Revised Statutes (A.R.S.) section 28–1381(A)(1), (2) (2017).[2] After advising Reiher of his rights pursuant to *Miranda v. Ari-*

---

1. The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

2. Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

*zona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), a police officer read him the implied consent affidavit (admin per se) form. After being asked to do so, Reiher agreed to a blood test, signed a consent form and blood was drawn and analyzed, resulting in additional DUI charges being filed against him.

¶ 3 Pretrial, Reiher unsuccessfully moved to suppress the blood test results, arguing that the blood draw was not voluntary and that the implied consent law was unconstitutional. After Reiher submitted the matter to the court, the court found him guilty of various DUI offenses, including two extreme DUI offenses, and imposed consequences.

¶ 4 Reiher unsuccessfully appealed to the Superior Court, arguing that the blood draw was not voluntary and that the implied consent law was unconstitutional. On appeal to this court, Reiher no longer challenges the constitutionality of A.R.S. § 28–1321. Instead, he relies on *Valenzuela* and *Brown,* which held that a driver's consent to blood testing, obtained after a police officer advised that "Arizona law requires you to submit" to such testing, was not "freely and voluntarily given." *Valenzuela,* 239 Ariz. at 301 ¶ 2, 371 P.3d 627; *Brown,* 239 Ariz. at 523 ¶ 2, 373 P.3d 538 (similar for watercraft operator). In this appeal, Reiher argues *Valenzuela* and *Brown* should apply retroactively and, as a result, his convictions should be vacated.

## DISCUSSION

¶ 5 This court lacks appellate jurisdiction to hear an appeal from "a final judgment of the superior court in an action appealed from a justice of the peace or municipal court" unless, as applicable here, the appeal "involves the validity of a … statute." A.R.S. § 22–375(A). The State argues that, given Reiher is now only arguing the retroactivity of *Valenzuela* and *Brown,* this court lacks appellate jurisdiction.

¶ 6 In *State v. Bowser,* 1 CA–CR 15–0601, 2016 WL 7438452 (Ariz. App. Dec. 27,

2016) (mem. dec.),[3] this court dismissed a putative appeal in a similar case on this same ground. After first noting this court's limited appellate jurisdiction under A.R.S. § 22–375(A), *Bowser* observed that the defendant "no longer challenge[d] the validity of § 28–1321," and that as a result, this court "lack[s] jurisdiction over [defendant's] appeal pursuant to A.R.S. § 22–375(A)." *Bowser,* 2016 WL 7438452, at *2 ¶ 6. Reiher is no longer challenging the constitutionality of A.R.S. § 28–1321. Accordingly, this court lacks appellate jurisdiction. *See Bowser,* 2016 WL 7438452 at *2 ¶ 4 ("[t]his court has no jurisdiction over an appeal from a judgment of the superior court affirming a conviction entered by a municipal court unless the action 'involves the validity of a … statute.'") (quoting A.R.S. § 22–375(A) (2016)).[4]

## CONCLUSION

¶ 7 Because this court lacks appellate jurisdiction, Reiher's appeal is dismissed.

**3.** Although *Bowser* is not precedential, it properly may be cited and relied upon by this court. *See* Ariz. R. Sup. Ct. 111(C).

**4.** Even if special action jurisdiction could be exercised absent appellate jurisdiction, this court

declines to do so given that Reiher made no such request and he can seek relief pursuant to Ariz. R. Crim. P. 32. *See Bowser,* 2016 WL 7438452 at *1–2 ¶¶ 6–7 (citing authority).